# REPORTS

OF

# CASES ARGUED AND DETERMINED

## At January Term, 1858.

————◦✦◦————

## PAULLING *vs.* BARRON, MEADE & CO.

[BILL IN EQUITY FOR REDEMPTION OF REAL ESTATE.]

1. *Equity of redemption not subject to levy and sale at law.*—While the act of 1820, (Clay's Digest, 350, § 31,) providing that " the equitable title or claim to land or other real estate " should " be liable to the payment of debts, by suit in chancery, and not otherwise," was of force, an equity of redemption in mortgaged lands could not be sold under execution at law against the mortgagor, issued on a judgment which was rendered after the law-day of the mortgage. (Changed by section 2455 of the Code.)

2. *Equity of redemption assignable by deed.*—An equity of redemption, after the law-day of the mortgage has passed, may be assigned by the mortgagor by deed ; and the assignee may assert his right by bill to redeem.

3. *Right of redemption not barred by judgment at law for waste.*—A judgment at law against an assignee of the equity of redemption, in a statutory action of debt, for cutting trees on the mortgaged lands, does not bar him from asserting his right of redemption in equity.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by the appellant, and sought to redeem certain lands which had been sold under execution at law against one James McNaughton. The lands were levied on by a constable, in September, 1848, under executions issued on sundry judgments against said McNaughton, which were rendered by a justice of the

peace on different days between the 10th July, 1847, and the 2d February, 1848; and were sold by the sheriff, under an order of the circuit court, on the 1st Monday in January, 1849. At the sheriff's sale, one Lucien Meade, of the firm of Barron, Meade & Co., acting as agent for said firm, became the purchaser, at the sum of $24, and received the sheriff's deed. Prior to the rendition of the judgments at law under which the land was sold, McNaughton had mortgaged it to Barron, Meade & Co., by deed dated the 17th August, 1846, to secure the payment of a promissory note for $395, dated the 5th July, 1846, and payable sixty days after date. This mortgage contained a power of sale in the event the note was not paid on or before the 1st of January, 1847. The complainant claimed the right to redeem the premises, 1st, as the assignee of several of the judgments at law, which were still unsatisfied; and 2dly, as the assignee of the mortgagor's equity of redemption; and he alleged in his bill a tender and refusal, in accordance with the requisitions of the statute.

An amended bill was afterwards filed, asking an injunction of a judgment at law which said Lucien Meade had recovered against complainant, in a statutory action of debt, for cutting trees on the mortgaged lands.

The defendants filed answers, alleging that the complainant had no right to redeem, in either of the capacities in which he asserted the right, because he had failed to make such a tender as the statute requires.

On final hearing, on pleadings and proof, the chancellor dismissed the bill, but without prejudice; and his decree is now assigned as error.

GOLDTHWAITE & SEMPLE, for the appellants.

WM. M. BROOKS, contra.

RICE, C. J.—The act of 1820 declared, that "the equitable title or claim to land or other real estate" should thereafter "be liable to the payment of debts, by suit in chancery, and not otherwise."—Clay's Dig. 350, § 31. That provision of the act was of full force when

the land in controversy in this suit was sold by the sheriff under process from the court of law. The land was sold by the sheriff as the property of McNaughton, who had mortgaged it in fee, and who, at the time of the sale, as well as at the time of the rendition of the judgments at law upon which the process was founded under which the sale was made, had no interest in the land except an equity of redemption. The law-day of the mortgage had passed before any of the judgments at law were rendered. The controlling question in the case is, whether, whilst the provision of the act of 1820 above referred to continued of force, the equity of redemption, which existed in the mortgagor of the land, could be sold by the sheriff, under process issued out of a court of law, and founded upon judgments at law rendered after the law-day of the mortgage.

After the law-day, the money secured by the mortgage not being paid at the time therein specified, the legal estate was absolutely vested in the mortgagee; the mortgagor had nothing left but an equity of redemption, "that is, a right *in equity, on payment* of the principal, interest, and costs, within a reasonable time, to call for a reconveyance of his land."—2 Greenleaf's Cruise on Real Property, 80, 81, 125, 126, title XV, Mortgage, ch. I, § 11; ch. III. §§ 1 and 2. As the equity of redemption was "the mere creature of a court of equity," we cannot hesitate to declare it an "equitable title or claim" to the land, within the meaning of the act of 1820 above cited; and because it was such claim or title, the sale of it by the sheriff, shown in this case, was in direct contravention of the act of 1820, and a nullity. That sale did not give or affect any right or interest.—Wilson v. Beard, 19 Ala. R. 629; Brown v. Bartee, 10 Smedes & Marshall, 268; Boarman v. Catlett, 13 *ib.* 149; Henry v. Fullerton, *ib.* 631; Wolfe v. Dowell, *ib.* 103; Thornhill v. Gilmer, 4 *ib.* 163; Baldwin v. Jenkins, 23 Mississippi R. 211; Cantyon v. Dorn, 27 *ib.* 246; Badlam v. Tucker, 1 Pick. R. 399; Bangor v. Warren, 34 Maine R. 324; Camp v. Coxe, 1 Dev. & Batt. 52; Goring v. Shreve, 7 Dana, 64; Swigert v. Thomas, *ib.* 220; Bronston v. Robinson, 4 B.

Monroe, 142; Waller v. Tate, *ib.* 529; Scott v. Scholey, 8 East's R. 466.

2. Although the equity of redemption could not be sold by the sheriff, under the process of the court of law, it was alienable by the deed of the mortgagor, (2 Greenleaf's Cruise, 128, title XV, Mortgage, ch. III. § 8;) and as it appears to have been assigned to the complainant by the deed of the mortgagor, the complainant may assert it by bill in chancery.

3. In relation to the proceedings in the action at law against the complainant, for cutting down and carrying away trees on the land in controversy, we will only say, at this time, that there is nothing in those proceedings which can bar the redemption which is here sought by complainant, as *the assignee and owner of* the mortgagor's equity of redemption.—2 Greenleaf's Cruise, title XV, Mortgage, ch. II, § 15.

The chancellor erred, in holding that the "right to redeem from the mortgage depended upon the right to redeem from the sheriff's sale," and that the sale of the equity of redemption by the sheriff passed or affected any right whatever, and that there was any validity in the sheriff's sale.—See the cases above cited from the Kentucky and North Carolina Reports. There is nothing in this record which bars or defeats the equity of redemption, which once belonged to the mortgagor, but has now been assigned by him to the complainant. The decree of the chancellor is erroneous, and is reversed. The cause is remanded for further proceedings consistent with this opinion. The appellees must pay the costs of the appeal.