# Farris & McCurdy *v.* Houston.

*Special Action for Rent as Damages.*

1. *Estoppel as between landlord and tenant.*—As a general rule, when a tenant is sued for rent, or for the possession on the expiration of his term, he can not dispute the title of his landlord, nor set up a paramount title in himself or a third person; but he may show that the landlord's title has expired by limitation, or by operation of law; or that he ac-

[Farris & McCurdy v. Houston.]

cepted a lease, or attorned to the plaintiff as landlord, under a mistake of fact, and in ignorance that the title was in himself; or that he was induced to attorn, or to accept a lease, through fraud, imposition, or undue advantage; or that he has been evicted by title paramount.

2. *Legal rights of mortgagee.*—Under the repeated decisions of this court, a mortgage is something more than a mere security for a debt: it vests in the mortgagee an immediate estate in the lands conveyed, and gives him a right to enter at once, in the absence of an express stipulation to the contrary; and after the law-day, default being made in the payment of the secured debt, his estate becomes absolute at law, nothing remaining in the mortgagor but the equity of redemption, of which courts of law take no notice.

3. *Payment of rent to mortgagee; rents and profits, as between mortgagor and mortgagee.*—The payment of rent to a mortgagee who is in possession, or to whom the tenant has attorned to avoid eviction, extinguishes the rent, and releases the tenant from liability to the mortgagor, under whom he entered; and while a court of equity will, under a bill to redeem by the mortgagor, apply rents and profits received by the mortgagee to the payment and discharge, *pro tanto*, of the mortgage debt, the law makes no such application of them, and no inquiry is allowed, at law, into the payment or extinguishment of the mortgage debt, in order to defeat the legal estate or title of the mortgagee.

4. *Estoppel between mortgagor and mortgagee, and their privies in estate.*—A tenant who has entered under the mortgagee, or under an assignee of the mortgagee, can not defeat a recovery by his landlord, by showing the subsequent grant of letters of administration to himself on the estate of the deceased mortgagor, and the insolvency of the estate, and claiming an extinguishment of the mortgage debt by the rents and profits received.

APPEAL from the Circuit Court of Montgomery.

Tried before Hon. JOHN P. HUBBARD.

This action was brought by Mrs. Mary J. Houston, against T. L. Farris and W. D. McCurdy as partners, and was commenced on the 14th November, 1881. The complaint contained five counts, the third and fourth of which claimed damages for the breach of a written agreement, by which defendants bound themselves to erect certain improvements on lands rented to them by the plaintiff; and no recovery was claimed under them. The first count claimed $3,000 as damages, for that whereas, on the 18th December, 1879, plaintiff leased to defendants for the term of one year, commencing on the 1st January, 1880, a certain plantation in Lowndes county, at the agreed rent of eighteen bales of cotton, of the average weight of 500 lbs., and $300 to be expended in specified improvements, and put them in possession of said lands on said 1st January, 1880; said defendants continued in possession during the term of their said lease, and unlawfully retained the possession after the expiration of the lease, up to the commencement of the suit, and failed and refused to pay any part of the rent; whereby plaintiff has been damaged to double the amount of the rent agreed to be paid, to-wit, $2,400. The second count averred the lease, entry, and unlawful holding

over, as in the first count, and claimed $2,000 as special damages, because plaintiff was prevented, by such unlawful detainer, from renting or leasing the lands for the year 1881. The fifth count claimed $1,200, with interest, "the rent of the tract of land described in the first count of this complaint, which is hereby referred to and adopted as a part of this count; which said land was demised by plaintiff to said defendants, on the — day of ——, 1879 ; said rent commencing on the 1st January, 1880, and falling due October 15th, 1880, and being for the year 1880." The record does not show what pleas were filed. There was a judgment, on verdict, for the plaintiff, for $2,308.16; and it was admitted by a written agreement, entered of record in this court, that this was "for the rent of said property for the years 1880 and 1881, and that the plaintiff, at the trial, released all damages claimed for the breach of the written agreement set out in the third count."

On the trial, as the bill of exceptions states, the facts were agreed on, and reduced to writing, as follows : "The following facts are admitted: Robert Simonton, of North Carolina, died about 1878, leaving a will, by which he devised and bequeathed all of his property absolutely to his wife, Roxana Simonton. He left no personal property in this State, but owned two plantations in Lowndes county, known respectively as the 'Simonton place' and the 'Davidson place.' Said Robert Simonton was indebted at the time of his death, and in November, 1880, the defendants, Farris & McCurdy, took out letters of administration on his estate in Lowndes county; his will having been admitted to probate in that county, and also in North Carolina. They took out said letters of administration, on the ground that they were creditors of said Simonton ; but the only claims held by them were debts which they bought after renting the property from Mrs. Houston, the plaintiff, as hereinafter stated; and the administration was also assumed by them after such renting. Debts against said Simonton's estate, to the amount of about $20,000, have been presented to said Farris & Mc-Curdy as administrators, and the estate is insolvent in fact, and has been regularly declared insolvent since the commencement of this suit. No petition for the sale of said lands, rented by defendants as hereinafter stated, was filed by said Farris & Mc-Curdy, as such administrators, before the commencement of this suit; but, in March, 1882, a petition was filed by them in the Probate Court of Lowndes county, for the sale of said lands, and an order of sale was made by said court, under which said lands were sold ; and the sale was confirmed by said court. The petition under which this order was granted, and said sale made, contained proper jurisdictional averments, if the property belongs to said Simonton's estate. Said Farris & McCurdy

[Farris & McCurdy v. Houston.]

went into possession of said lands in January, 1880, as the
tenants of the plaintiff, Mrs. Houston, for the term of one year;
and while they were so in possession, they took out letters of
administration on said Simonton's estate as aforesaid, and now
claim the right to hold said property as such administrators.
At the time of the renting to Farris & McCurdy, plaintiff held
possession of the property, and title thereto, under a deed from
Mrs. Roxana Simonton, made to plaintiff pursuant to an agree-
ment between said plaintiff and said Simonton, in his life-time,
and also under a mortgage executed by said Simonton to one
Duncan McCall; which said mortgage was dated November
16th, 1869, and transferred to said plaintiff January 14th, 1879.
The law-day of said mortgage was past at the time the property
was so rented to Farris & McCurdy. The amount paid to
plaintiff by said Farris & McCurdy, for the rent of the prop-
erty for the year 1879, equaled the balance due on the mort-
gage debt. The title to the property held by plaintiff has
continued, since said renting, the same that it was at the time
of such renting, unless it was affected by the said grant of ad-
ministration to Farris & McCurdy, and by said sale. It is
admitted, also, that after the said term of renting had expired,
and before this suit was begun, plaintiff made a written demand
of possession of said property, and that defendants refused to
surrender the possession when so demanded. All objections to
the relevancy and legality of the above facts as evidence are
reserved by both parties. It is admitted, also, that the follow-
ing may be taken as the deposition of J. H. Houston, as witness
for the plaintiff, namely: That the rent agreed to be paid by
defendants to plaintiff, for the year 1880, was eighteen bales of
cotton, of 500 lbs. each, and $300 in improvements to be put
on the lands by said defendants; that said rent was due Octo-
ber 15th, 1880, and has not been paid; that the value of said
cotton was $900, which, added to the value of the improve-
ments to be erected, makes the amount of rent due October 15,
1880, $1,200; and that the reasonable value of the rent of said
property for the year 1881, due the 15th October, 1881, is
$1,200. It is admitted, also, that the plaintiff instituted an
action of unlawful detainer against said defendants, to recover
the possession of said property, the said defendants having
held over after the expiration of their term as aforesaid; and
that judgment was rendered in said cause in favor of the plain-
tiff, by the Circuit Court of Montgomery county, on the 13th
June, 1883, which judgment is still of full force and effect."

"This was all the evidence in the cause; and the court there-
upon charged the jury, on the request in writing of the plain-
tiff, that they must find for the plaintiff, if they believed the

evidence." The defendants duly excepted to this charge, and they now assign it as error.

CLOPTON, HERBERT & CHAMBERS, for appellants.—When the plaintiff received the rent for the year 1879, which was sufficient to satisfy the mortgage debt, her right to receive rent as mortgagee ceased; and when she rented the lands to the defendants for the year 1880, her only title and right to the lands, and to the rents, rested upon the conveyance from Mrs. Simonton, the devisee of Robert Simonton. The title of the devisee,. as of the heir when there is no will, gives him the right to take· possession, and to claim the after-accruing rents; but this title· is subject and subordinate to the statutory powers conferred on the personal representative, who may take possession, and claim rents from the tenant, past due or accruing.—*Masterson v. Girard's Heirs*, 10 Ala. 60; *Br. Bank v. Fry*, 23 Ala. 770 ;· *Chighizola v. LeBaron*, 21 Ala. 406; *Harkins v. Pope*, 10 Ala. 493; *Calhoun v. Fletcher*, 63 Ala. 580; *Nelson v. Murfree*, 69 Ala. 603. The statute not only clothes the administrator· with the power to claim the rents, but makes it his duty to do so; and he is liable to creditors, if he fails to exercise the power,. and the rents are thereby lost.—*Clark v. Knox*, 70 Ala. 607, 622. When the defendants became the administrators of Simonton's estate, and it became necessary to exercise their statutory powers for the benefit of creditors, they might have· intercepted these rents, in the hands of another tenant; and being themselves the tenants, they not only had the right to retain, but were required to do so, and the new obligation which the law imposed upon them discharged their former obligation to the landlord. The strict rule of the common law, as to estoppels between landlord and tenant, has been modified by modern decisions; and the tenant is now held estopped from denying that the landlord, *at the time of making the lease*, had the right to demise, and can not acquire, during the tenancy, a title adverse to the landlord which was outstanding at that time. If· the title of the landlord, or his claim to the rents, remains un-. changed, the tenant can not dispute the liability to pay rent; but he may show that the title of the landlord has terminated, either by its own limitation, or by grant, or by judgment and operation of law.—*Randolph v. Carlton*, 8 Ala. 614; *Hoag v. Hoag*, 35 N. Y. 469; *Pope v. Harkins*, 16 Ala. 321; 9 Ill. App. 83; Taylor's Land. & Tenant, § 707; *English v. Key*, 39 Ala. 117. These decisions rest upon the principle, that. when the tenant has been placed in a new relation, and under a new obligation, whether by the voluntary act of the landlord, or by operation of law, he is necessarily discharged from the· obligations which attached to the former relation; and this.

[Farris & McCurdy v. Houston.]

principle applies to this case. · Upon the principle decided in *Clarke v. Clarke* (51 Ala. 496), the tenant of a devisee is estopped from denying the right and title of the devisor's legal representative. In purchasing claims against Simonton's estate, to the payment of which the lands were subject, and procuring the grant of administration to themselves, the defendants committed no act of disloyalty to their landlord, any more than by purchase of the lands at sale under execution against him, as they may do.—*Randolph v. Carlton*, 8 Ala. 614.

BRAGG & THORINGTON, and J. W. BUSH, *contra*.—In a former case between these parties, decided at the last term, it was held that the facts set up in defense of this action, were not available to defeat a recovery by the plaintiff in action of unlawful detainer.—*Houston v. Farris & McCurdy*, 71 Ala. 570. That judgment is conclusive as to the right to recover rents in this action.—*Norwood v. Kirby's Adm'r*, 70 Ala. 397. Moreover, the facts set up in defense do not bring the case within any recognized exception to the general doctrine of estoppel, as applied between landlord and tenant.—*Rogers v. Boynton*, 57 Ala. 501; *Crawford v. Jones*, 54 Ala. 459; *Borland v. Box*, 62 Ala. 91; *Otis v. McMillan*, 70 Ala. 47; Taylor's Land. & Tenant, § 629. If ·the defendants suffer injury from the antagonistic relations in which they have placed themselves, it is the consequence of their own disloyal acts, and they can not complain of it. But the deed to plaintiff was made, as the agreed facts show, pursuant to an agreement between her and Simonton in his lifetime; and this agreement being valid, and founded on valuable consideration, as the court must presume, the lands could not be subjected to the payment of debts by the administrators. In addition to the deed, the legal title to the lands was also vested in plaintiff as mortgagee; and though the rents collected may have been sufficient to discharge the mortgage debt, the mortgage was not thereby extinguished, nor the legal title of the mortgagee divested.—*Slaughter v. Doe*, 67 Ala. 494; *Jackson v. Scott*, 67 Ala. 99.

BRICKELL, C. J.—The rule is well settled, and is not questioned, that a tenant can not dispute the title of his landlord, nor set up a paramount title in himself, or in a stranger, to defeat any action the landlord may institute for the recovery of rent, or, when the term has expired, to regain possession of the premises. There are various exceptions to, and qualifications of the rule, which are of as much importance as the rule itself, and which must be observed in the administration of ·justice between landlord and tenant. A plain mistake of facts constitutes one of the exceptions. The tenant may show that he at-

[Farris & McCurdy v. Houston.]

torned to the landlord, or accepted a lease from him, under mistake, and in ignorance of the true state of the title, and that the title was in himself, or out of the lessor.—2 Greenl. Ev. § 305; 2 Smith's Lead. Cases, 752; Taylor on Land. & Tenant, §§ 707-8. Fraud, or imposition, or undue advantage, the same authorities show, is another exception to the rule: whenever, by the fraud, or misrepresentation of the lessor, the lessee is induced to accept the lease, he may impeach the title of the lessor.

The estoppel operates only to preclude the tenant from disputing the title of the landlord at the time when the lease was made, and possession given; but not from showing that the title which the landlord then had was defeasible, or limited in its nature, and has since been defeated, or has expired by its own limitation.—2 Smith's Lead. Cases, 752. Hence, evidence that the landlord has assigned the reversion, and that the tenant has attorned to the assignee; or that, under a judgment and execution, the reversion has been bought in by the tenant, or by a third person, to whom he subsequently attorns to avoid eviction, will make a good defense to an action by the landlord for the recovery of rent, or of possession.—*Randolph v. Carlton*, 8 Ala. 606; *Pope v. Harkins*, 16 Ala. 321; *English v. Key*, 39 Ala. 131; *Otis v. McMillan*, 70 Ala. 46. In these cases, the tenant does not dispute the title of the landlord—does not deny that, at the time of the demise, he had the right to make it; but avers that the title then existing has expired. In *Randolph v. Carlton, supra*, the court said: "By receiving possession from another under a lease, the tenant impliedly admits that the lessor had such title as authorizes him to dispose of the premises; but he can not be held to affirm any thing in respect to its continuance; consequently, it is allowable for him to show that the title has expired, or been extinguished by operation of law."

The point of contention in this case is, whether the title of the lessor, existing at the time of the lease under which the lessees entered into possession, has expired, or been extinguished. We do not deem it necessary to inquire, whether, if the title of the lessor was derived wholly from the conveyance of the lands to her by the devisee, Mrs. Simonton, the tenants having assumed the relation of administrators of the testator, subsequently to the lease, and in that relation having the legal right to the possession, and to intercept the rents and profits, would be heard to gainsay the title of the lessor. It may be true, as was said upon this point, in another case between these parties, that "their legal metamorphosis, from mere *tenants* to *administrators*, was their own act, and renders none the less necessary the surrender of their possession to the plaintiff, be-

fore they can, in good faith, raise the question as to the superiority of their newly acquired title."—*Houston v. Farris & McCurdy*, 71 Ala. 573. It was not only under the conveyance from the devisee, but under a mortgage executed by the testator, the law-day of which had passed, that the lessor had and claimed possession, when the lease was made and the tenants entered.

Whatever may be the theory of a mortgage of lands elsewhere recognized, it is settled in this State, by a line of decisions which have become essential to the safety of titles, that it is more than a security for a debt, or a mere chattel interest. "It creates a direct, immediate estate in lands; as against the mortgagor, and those claiming in his right, *a fee simple, unless otherwise expressly limited*. The estate is conditional—annexed to the fee is a condition which may defeat it. The mortgagee, if in the conveyance there is not a reservation of possession to the mortgagor, until default in the performance of the condition, has the immediate right of entry, and may eject the mortgagor or his tenants. If the mortgagor is permitted to remain in possession, he is the mere tenant at will of the mortgagee. After the law-day, and default in the performance of the condition, at law, the estate is absolutely vested in the mortgagee —the estate is freed from the condition annexed to it. Nothing remains in the mortgagor but the equity of redemption, of which courts of law take no notice."— *Welsh v. Phillips*, 54 Ala. 314; *Paulling v. Barron*, 32 Ala. 11; *Barker v. Bell*, 37 Ala. 358; *Slaughter v. Swift*, 67 Ala. 494; *Toomer v. Randolph*, 60 Ala. 356. The payment of rent to a mortgagee who is in possession, or to whom the tenant has attorned to avoid eviction, is an extinguishment of the rent, relieving the tenant from liability to the mortgagor, though under him the tenant may have entered originally.—1 Smith's Lead. Cases, 938.

The rents and profits a mortgagee in possession may receive, a court of equity will apply, when the mortgagor claims redemption, to the payment of the mortgage debt. The law does not make the application; for, at law, the rents and profits accrue to the mortgagee, as the owner of the legal estate. It is only in equity the application is made, and then, as an equitable set-off, and as an incident to the right of redemption. *Toomer v. Randolph*, 60 Ala. 358. At law, there can be no inquiry, to defeat the legal estate of the mortgagee, into the existence, or payment, or extinguishment of the mortgage debt.—*Slaughter v. Swift*, 67 Ala. 494.

The title of the lessor, derived from the mortgage, in the contemplation of a court of law, has not expired, or been extinguished. It remains, as it existed when the tenants accepted the lease, and entered into possession, thereby admitting its validity, and its sufficiency to support the demise. If, as ad-

[Mobile Life Insurance Co. v. Randall.]

ministrators of the mortgagor, the tenants have now the equity of redemption, and a right to compel the application of the rents to the payment of the mortgage debt, a court of equity alone can relieve them. In a court of law, there is no foundation for the claim, that the title of the lessor has expired, or been extinguished; and, of consequence, no right of resistance to her recovery of rent. As administrators, it is only the title or estate of the mortgagor which they can, in any court, assert. An estoppel of the same nature as that binding upon a tenant, precludes a mortgagor, or those claiming under and in privity with him, from disputing the title of the mortgagee, or his right to the possession, so far as the right is not inconsistent with the terms of the mortgage.—1 Jones Mort. § 682.

We find no error in the record, and the judgment must be affirmed.