(119 So. 651)

SLAUGHTER v. TATUM, Sheriff, et al.
(4 Div. 395.)

Supreme Court of Alabama. Dec. 20, 1928.

Rehearing Denied Jan. 24, 1929.

Frank B. Bricken, of Luverne, and Powell & Hamilton, of Greenville, for appellant.

Ira B. Thompson, of Luverne, and Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

GARDNER, J. N. M. Slaughter brought ejectment suit against Kirby Slaughter for the recovery of 120 acres of land situated in Crenshaw county, and upon a trial of the cause recovered a judgment therefor. Leone Slaughter is the wife of said Kirby, and was living with him upon the lands at the time of the institution of the ejectment suit and prior thereto. Possession of the premises was not surrendered to the sheriff who had the writ of possession in his hands for execution, though defendant Kirby Slaughter acquiesced in the judgment so far as his own rights were concerned, but remained upon the premises at the invitation of his wife, Leone, who claimed title thereto in her own right and who was in possession thereunder. She was not made a party to the ejectment suit, and insists she is in no manner bound by the judgment therein rendered. The writ not having been executed, N. M. Slaughter (plaintiff in the ejectment suit) presented to the circuit court a petition for a writ of mandamus to require the sheriff to execute the writ by dispossessing both Kirby Slaughter and his wife Leone from the property, and placing plaintiff in exclusive possession thereof. Rule nisi was also issued to Kirby Slaughter and his wife to show cause why they should not be adjudged in contempt of court. Upon the hearing the court concluded petitioner was not entitled to relief, and dismissed the petition, from which judgment petitioner prosecutes this appeal.

From the evidence offered on the hearing of the petition, it appears that Leone Slaughter claims title under the will of D. G. Slaughter, former owner of the land, who, under the terms of said will, devised all of his real

estate to his "nephew Kirby Slaughter and his wife Leone Slaughter." This will was executed in November, 1924, and duly probated in February, 1926. Petitioner offered in evidence a deed to the property sued for, executed to him by said D. G. Slaughter in August, 1922, and insists that by virtue of said deed no interest in the land passed under the will.

In the execution of the writ of possession, it is the generally accepted rule that the "defendant and all the members of his family, together with his servants, employés and his tenants at will or sufferance, may be removed from the premises." 2 Freeman on Executions (2d Ed.) § 475. This of course includes the defendant's wife. 19 C. J. 1222, § 475, supra.

But another rule is equally well recognized that "the judgment in ejectment determines the right of the plaintiff to recover of the defendant, and is binding only on the parties thereto and their privies; consequently, no tenant whose possession is distinct from that for which the action was brought, can be ousted by an execution." Howard v. Kennedy, 4 Ala. 592, and also reported in 39 Am. Dec. 307, with note. And in West v. Hayes, 120 Ala. 92, 23 So. 727, 74 Am. St. Rep. 24, the court said: "Such writ * * * does not, in express words, name the persons from whom the possession is to be taken, but it is well settled that in the execution of the writ the officer is not authorized to eject from the lands or tenements described one who was not a party to the suit, who had no privity with the defendant therein, and whose possession was adverse to the defendant and anterior to the commencement of the suit."

In the above-cited section of Freeman on Executions, the author notes the case of Johnson v. Fullerton, 44 Pa. 466, as holding that a defendant's wife must be removed under the writ, although she was not party to the suit, and claimed the premises as her separate estate, but this authority does not meet his approval, saying in this connection: "Notwithstanding this decision, we doubt whether a wife, or any other member of the defendant's family not a party to the suit, can lawfully be dispossessed of his or her separate estate, unless possession was acquired by them from the defendant after the institution of the action."

While there are expressions in the opinion of the Pennsylvania court which tend to sustain the interpretation placed thereon by the author, yet an examination of that authority discloses that an order of restitution, restoring to the wife possession of realty from which she was ousted by a writ in a suit against the husband alone, was in fact affirmed. Mr. Freeman points out there is great danger of collusion by members of the same family, and that any such claim must be subjected to close scrutiny, and that the wife, who is in possession with the husband at the commencement of the suit, is presumed, in the absence of proof of a separate property in her, to hold such possession under her husband, "and being in under him, she must go out with him." The author further concludes that "if no collusion is apparent, the right of defendant's wife to remain in possession, if she holds a paramount adverse title, is as strong as if she were not united to him by marriage."

There is presented in the instant case no evidence of collusion with her husband as to the claim of title by the wife. She claims title under the will of D. G. Slaughter, former owner of the land. She does not derive title through her husband, but merely from a common source. Her insistence is that she was in possession under such claim of title at the commencement of the suit, and petitioner's answer is that his deed from D. G. Slaughter destroys her title, and that the same character of defense was involved in the suit against the husband. What were the issues of fact in the ejectment suit is not here disclosed, though a large number of witnesses for the respective parties appear to have been summoned, but the fact remains that the wife has what appears upon its face to be a bona fide claim of title, and she was not a party to the suit. She has not had her day in court, and should not be bound by the judgment rendered. Appellant insists she has no separate estate, but that decides the very question as to which she is entitled to have adjudicated in due course.

We are persuaded upon both reason and authority the wife is not to be held concluded under the situation here presented by the judgment rendered against the husband alone. This conclusion is sustained also by the case of Tevis v. Hicks, 38 Cal. 234. See, also, in this connection, Christian v. Christian, 119 Ala 521, 24 So. 844; Awbrey v. Estes, 216 Ala. 66, 112 So. 529.

The judgment denying the petition will be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.