168 So. 873

**STEPHENS v. STARK.**

4 Div. 862.

Supreme Court of Alabama.

June 11, 1936.

J. B. Hicks, of Phenix City, for appellant.

H. A. Ferrell, of Seale, for appellee.

Brief did not reach the Reporter.

486

BOULDIN, Justice.

Statutory action of ejectment. Plea of not guilty.

Plaintiff introduced a deed purporting to convey to him title to the residence lot sued for. There was no evidence that plaintiff, nor any one through whom he claimed title, had title thereto or was ever in possession, and no evidence of claim of title from a common source.

Plaintiff testified that after obtaining his deed he had a rental agreement with the husband of this defendant; that when the first month's rent became due the lessee refused to pay, said he was not going to pay any rent; that, thereupon, the wife, this defendant, was asked to pay rents, which she refused, and further refused to surrender the premises; that she did not claim to own the property when plaintiff rented it to the husband, but she and her husband were living on the property when it was rented; and defendant had been living there ever since plaintiff had known the property.

The defendant offered no evidence. On plaintiff's evidence above stated, the trial court gave the affirmative charge, with hypothesis, for plaintiff. Defendant appeals.

■ The plaintiff, in ejectment, must recover on the strength of his own title.

■ A chain of title back to the United States, or to a common source, is essential where the right to possession rests solely on legal title drawing to it a right of possession.

■ Actual prior possession in the plaintiff, or in some one through whom he claims by grant, devise, or inheritance is such evidence of title as will support the action against one who shows no better title. Byrd v. Bailey et al., 169 Ala. 452, 53 So. 773, Ann.Cas.1912B, 331; Barrett et al. v. Doe ex dem. McCarty, 157 Ala. 449, 48 So. 49; McCreary et al. v. Jackson Lumber Co., 148 Ala. 247, 41 So. 822.

■ As between landlord and tenant, the possession of the tenant is the possession of the landlord. In ejectment by the landlord after the tenancy has terminated, the tenant cannot, as a rule, deny the title of the landlord as of the date when tenancy began. He is estopped. Childress v. Smith, 227 Ala. 435, 150 So. 334.

This rule, in general, applies in cases where the tenant was in possession at the time he entered into the relation, thus recognizing the title of the plaintiff and holding under him. In such case, however, the tenant may show he was induced to accept the status of tenant through fraud or mistake as to the status of the title, and that title was in himself, or not in the landlord. Farris & McCurdy v. Houston, 74 Ala. 162; English v. Key, 39 Ala. 113; Nicrosi v. Phillipi, 91 Ala. 299, 8 So. 561.

■ No estoppel can be set up against a tenant to defeat his own homestead right. Crim v. Nelms, 78 Ala. 604.

Applying these principles to the case in hand, it is questionable whether the affirmative charge was due plaintiff if the action had been against the husband. Whether he as tenant ever held possession under the plaintiff, resting on plaintiff's testimony that he agreed so to do, but repudiated it the first time he was called upon for rent, would seem to present a jury question, even if the matter of homestead be disregarded. But we need not decide this question.

The suit is against the then wife of the alleged tenant.

■ It is well settled that if the husband, recognized in law as entitled to fix the domicile of the family, rent land and move his family on it, the wife's possession is in privity with that of the husband, and a writ of ejectment against him is effectual to eject the wife and other members of the family. Edwards v. Louisville & N. R. Co., 202 Ala. 463, 80 So. 847; Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A.1917D, 773; Winkles v. Powell, 173 Ala. 46, 55 So. 536.

■ But there is no evidence here that this defendant's possession originated under any lease by her husband from this plaintiff, or that she participated in the rental contract so as to estop herself as a tenant. The evidence discloses she had been in possession ever since plaintiff had known the property, inferentially from a date prior to plaintiff's deed. Her possession is presumed to have been lawful in the absence of evidence to the contrary. She could hold possession in her own right the same as in the right of the husband. No evidence discloses the one or the other. Indeed, it is not shown they

were husband and wife when her possession began.

The plaintiff had the burden to prove, under settled legal principles, a right of possession superior to hers. This the evidence did not show. Slaughter v. Tatum, Sheriff et al., 218 Ala. 564, 119 So. 651.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.