179 So. 817

**TEAFORD v. MOSS et al.**

6 Div. 195.

Supreme Court of Alabama.

Feb. 17, 1938.

Rehearing Denied March 17, 1938.

J. J. Curtis and Herman Maddox, both of Jasper, for appellant.

Arthur F. Fite, of Jasper, for appellees.

FOSTER, Justice.

As a result of litigation between Moss and McCormack with Cedrom Coal Company, a personal decree was rendered in the circuit court, in equity, on June 17, 1936, for $9,040.97. A certificate of it was filed for record and recorded on June 27, 1936, in the probate office. In that decree as amended July 6, 1936, the court decreed that appellees had a lien on certain personal property, and ordered its sale to satisfy the amount of such judgment. The register made the sale, which was confirmed by the court, and executed a deed to appellees as purchasers, dated December 19, 1936.

The amount of the purchase money was not enough to satisfy the judgment, and an execution was issued against Cedrom Coal Company for the collection of the balance due on the judgment. The sheriff levied upon certain land as its property and sold it with Moss and McCormack as purchasers, and a deed was made to them on January 25, 1937.

In May, 1937, Moss and McCormack filed a petition setting out the foregoing facts, and alleging that appellant, J. G. Teaford, who is president of Cedrom Coal Company, and had for many years been in active charge of its affairs, forbade their agents to go upon the land on which also said personal property was situated. The petition prayed that said Teaford should surrender possession to them of said property. Teaford appeared and answered the petition and incorporated a demurrer to it in his answer. The demurrer was not acted on by the court, but, on hearing the evidence of witnesses given in open court, relief was granted as prayed and Teaford has appealed.

The answer asserted that he personally was owner of the land sold under execution, which was known to Moss and Mc-Cormack at the time of the sale. He claimed the land by a deed dated October 3, 1931, by Cedrom Coal Company by said Teaford as president to him individually, recorded December 16, 1936.

The sale of the land was in January, 1937, after the record of the deed. But, when the judgment was rendered and lien acquired on it the deed had not been recorded, and the answer does not allege, and the proof does not show, that Moss and McCormack had notice of his claim at that time.

By virtue of section 6887, Code, a judgment creditor is protected against a prior deed executed by the judgment debtor, and unrecorded, unless at the time of the rendition of the judgment he had notice of the deed. His subsequent purchase is effective in so far as this question is concerned as of the date of the judgment, not of the sale. If he had no notice when the judgment was rendered, notice on or before the sale does not deprive him of the protection of the statute. Chadwick v. Carson, 78 Ala. 116; Hall v. Griffin, 119 Ala. 214, 24 So. 27; Wiggins v. Stewart Bros., 215 Ala. 9, 109 So. 101.

But the petition does not seek to litigate the title with Teaford, or to assert the benefit of that statute. The question is simply a right to dispossess Teaford, by summary or supplementary proceedings. Moss and McCormack could use that method to invoke the inherent power of

the court to enforce its decree, and to put them in possession against the defendant in the process and such others as may be legally thus dispossessed. Ark-Ala Lumber Co. v. Powell, 213 Ala. 591, 105 So. 588; Bartee v. Matthews, 212 Ala. 667, 103 So. 874; Patton v. Darden, 227 Ala. 129, 148 So. 806; Sollie v. Outlaw, 204 Ala. 522, 86 So. 380; Griffin v. Spence, 69 Ala. 393.

■ The right to dispossess one not a party to the judgment or its process depends upon the time when he went into possession and the nature of the right which he asserted in doing so. In a suit in which the title or possession is litigated, a judgment in it is binding on the parties, and another not a party may be dispossessed if he entered into possession pending the suit by permission of the defendant or in collusion with him. Howard v. Kennedy's Ex'rs., 4 Ala. 592, 39 Am.Dec. 307; Smith v. Gayle, 58 Ala. 600; Slaughter v. Tatum, 218 Ala. 564, 119 So. 651; Edwards v. Louisville & N. R. Co., 202 Ala. 463, 80 So. 847; Stephens v. Stark, 232 Ala. 485, 168 So. 873.

■ When property is levied on by virtue of an execution, and sold, the purchaser is entitled to be put into possession by order of the court from which the process issued, as against the defendant in it and all those not parties to it who went into possession subsequent to the lien of the judgment creditor, or who hold the possession under the judgment debtor. 23 Corpus Juris 786, note 12; 10 R.C.L. 1340, 1341, § 134, note 13; Coleman v. Hair, 22 Ala. 596; Strickland v. Nance, 19 Ala. 233.

This includes members of his family, servants, employees, and tenants, provided such person does not show that he went into possession prior to the date of the lien and that his possession was in his own right and adverse to that of the judgment debtor, and without collusion with him. Slaughter v. Tatum, supra; Stephens v. Stark, supra.

This principle has application to officers of a defendant corporation. 34 Corpus Juris 1026, notes 19 and 20.

■ The land here in question was not involved in the litigation. But it was some on or in which defendant in the judgment was conducting its coal mining operations along with that which was in litigation. Teaford had no independent possession in his own right. The coal company was operating the mine. It had continuously assessed this land as its own and Teaford had made the return for it.

The deed which he had made as president of the company executed to himself and which he did not record until after the judgment was rendered against the coal company did not serve to change the mining operations or possession of the land to himself personally when there is no evidence of such a change otherwise, considering also the fact that he was the active manager of the operations of the company. Those circumstances do not tend to show a bona fide claim of possession adverse to that of the coal company, and asserted without collusion with it prior to the acquisition of a lien under the judgment. So that he is one who is subject to be dispossessed on a supplementary or summary proceeding without inquiry into the merits of his title further than to determine if he had a possession in hostility to the coal company, when Moss and McCormack secured their judgment lien.

Appellant made no claim to the personal property and set up no reason why petitioner is not entitled to be put into possession of it, and asserts none now. He made such a disclaimer on the trial.

We think the court correctly ordered Teaford to surrender possession of the property to Moss and McCormack.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

■ The fact that the decree from which the appeal was taken adjudged that the title of Moss and McCormack was superior to the claim of Teaford was not considered or treated by us, but it is brought to our attention that such was the fact, and was improper in this sort of proceeding, and to that extent should not be affirmed.

As we have observed this is a supplementary proceeding, and is summary in its nature, in which the title to the property is not properly triable. But it is insisted that appellant invoked the jurisdiction of the court to that end, and cannot complain that the court responded to that feature of his claim. But we do not think that

the answer of appellant should be treated as invoking in that manner the jurisdiction of the court. While he asserted title, it should be construed as incidental to his claim of adverse possession upon the basis of which he was not subject to be dispossessed, if true, and not for the purpose of trying out the merits of his title.

We declined to determine his title, because it was not properly an issue in the case, but held that his possession was not of such an adverse nature as that he could not be dispossessed on a writ against Cedrom Coal Company. We do not think that the question of title should have been adjudged.

To the extent that the decree from which this appeal was taken declared that the title of Moss and McCormack is superior to that of Teaford, the decree of the circuit court is modified by striking from it such declaration.

Opinion modified and application for rehearing overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.