SHORES, Justice.
This is an appeal from a summary judgment holding that Firt Alabama Bank of Hartselle has title to a parcel of real property unencumbered by any claim of Lionel and Lois Key. We affirm.
Gene Key obtained a loan from First Alabama Bank of Hartselle (First Alabama) in August of 1977. The loan was renewed several times, with the final renewal being on September 16, 1978. Gene Key defaulted on the final renewal and First Alabama filed suit, obtaining a judgment against him on November 10, 1982, for the sum of $44,226.24. A certificate of judgment was duly recorded on November 18, 1982. A post-judgment search of the public records by First Alabama indicated that Gene Key held title to the two-acre parcel of land in Morgan County which is the subject of this litigation. A writ of execution was issued by the Circuit Court of Morgan County on May 6, 1983, and the sheriff levied upon the subject property. On May 20, 1983, a deed was recorded in the office of the Judge of Probate of Morgan County purporting to convey a life estate in the property from Gene Key, and his former wife, Martha Baker a/k/a Martha Key, to Lionel and Lois Key, the parents of Gene Key. August 29, 1983, was set as the date for the execution sale. Pri- or to that date, Lionel Key, Lois Key, and Gene Key filed a complaint seeking to have a life estate in the property established in Lionel and Lois Key and an order issued to First Alabama and the sheriff of Morgan County enjoining the execution sale. Prior to a hearing on the merits of the complaint, the property was sold to First Alabama at a public sale. Shortly thereafter, the Keys filed a motion seeking to have the sale voided or held in abeyance pending a determination of Lionel and Lois Key’s interest in the property. First Alabama was granted summary judgment, and this appeal followed.
Lionel and Lois Key contend that they own a life estate in the property which, they argue, is not subject to levy under execution by First Alabama.
First Alabama insists that Gene Key is the owner of the fee simple absolute in the property. It argues that the undisputed facts establish that Lionel and Lois Key did not own any interest in the property before it obtained its judgment against Gene Key, and, therefore, that summary judgment was properly granted in its favor. We agree.
Summary judgment is- proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. The undisputed facts in this case show the following: On May 4, 1965, Gene Key purchased the two acres of land from his parents, Lionel and Lois Key. He later built a house on the property and resided therein with his wife, Martha Key, and their three children. Martha Key held no title to the property in question. On July 7, 1977, Gene and Martha Key were divorced. Pri- or to the divorce, however, they moved out of the house, at which time Lionel and Lois Key moved in and agreed to maintain the premises. No consideration passed from Lionel and Lois Key to Gene Key for this property, and no agreement for the sale of it has been executed. Lionel and Lois Key *130 have paid no rent for the use of this property, which they have continually occupied and maintained until the present. However, they do pay the property taxes and all of the utilities. Lionel and Lois Key retain title to and control of their own house, which is smaller than their son’s and is located on adjacent property. They allow Gene Key and his three children to occupy it at will and charge them no rent. Gene Key pays the telephone and water charges incurred there, while Lionel and Lois Key pay for the electricity. These living arrangements were agreed upon for mutual convenience.
At the time of his divorce in July of 1977, Gene Key told his parents that he intended to convey to them a life estate in his property. However, it was not until April 25, 1983, well after First Alabama recorded its judgment against Gene Key, that a deed was executed conveying a life estate in the property to the elder Keys. That deed was recorded on May 20, 1983. First Alabama obtained its judgment against Gene Key on November 10, 1982, and recorded a certificate of judgment on November 18, 1982. Section 35-4-90, Ala.Code 1975, states:
“(a) All conveyances of real property, deeds, mortgages, deeds of trust or instruments in the nature of mortgages to secure any debts are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees or judgment creditors.
“(b) Subsection (a) of this section includes absolute conveyances of real property defeasible by a defeasance or other instrument, in which case such defea-sance or instrument must be recorded, according to its character, within the time limited in subsection (a) of this section or it is void as to purchasers for a valuable consideration, mortgagees and judgment creditors of the original grantee without notice.”
In Teaford v. Moss, 235 Ala. 490, 491, 179 So. 817, 818 (Ala.1938), construing § 6887 of the Code of 1923, the predecessor of § 35-4-90, the Court stated:
“By virtue of section 6887, Code, a judgment creditor is protected against a prior deed executed by the judgment debtor, and unrecorded, unless at the time of the rendition of the judgment he had notice of the deed. His subsequent purchase is effective in so far as this question is concerned as of the date of the judgment, not of the sale. If he had no notice when the judgment was rendered, notice on or before the sale does not deprive him of the protection of the statute.” (Citations omitted.)
In this case, it is undisputed that the conveyance of the life estate to Lionel and Lois Key was both executed and recorded subsequent to the date that First Alabama obtained its judgment. Therefore, that conveyance was void as to First Alabama, and there was no error in granting summary judgment in its favor.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.