# Griffin *v.* Spence, Adm'r.

*Bill in Equity to Revive and Carry into Execution a Former Decree.*

1. *Bill carrying into execution former decree; when it will be entertained.* A court of equity will entertain a bill to carry into execution a decree it has pronounced, when it appears that from some neglect of the parties "to proceed upon the decree, their rights have been so embarrassed by subsequent events, that no ordinary process of the court upon the first decree will serve; and it is, therefore, necessary to have another decree of the court, to ascertain and enforce them."

2. *Same; when may be filed by party defendant to original suit.*—After the rendition of a decree, by which the rights of the parties are ascertained, both complainants and defendants being equally entitled to the benefit thereof, a defendant who has an interest in the execution of the decree, or who has rights involved which require a revivor, will be allowed to revive it by bill filed for that purpose.

3. *Same; in what court should be filed.*—A bill to revive and enforce a decree, is auxillary and supplemental in its nature; and, in order that the unity of the proceedings may not be destroyed, it must be filed in the court in which the decree was rendered.

4. *Same; parties to original decree must be parties to.*—The parties to the original decree must, as a general rule, be parties to the bill to revive and enforce it; and their presence can not be dispensed with, unless it appears that they can not execute the decree nor be the objects of its operation.

5. *Same; rule as to parties.*—The general rule prevailing in a court of equity, that all persons having a material interest to be effected by the decree, must be made parties, applies to bills to revive and enforce a former decree, not only that a multiplicity of suits may be avoided, and complete justice done, but that there may be security in the performance of the decree, and the litigation closed, incapable of being reopened by parties having interests in it, but who are not before the court.

6. *Same.*—W. and K. having been partners, died leaving their partnership affairs unsettled, and letters of administration were granted on their estates. By agreement between their administrators, T., the administrator of W., who died first, was to "control and wind up" the partnership business; and in pursuance of that agreement he filed a bill in equity, and obtained a moneyed decree against C. on a demand due from the latter to the partnership. To the bill S. as the administrator of K. was made a party defendant, but against him no relief was sought or obtained. Afterwards T. died, having only collected half of the amount of the decree. *Held,*

(*a*) That the successor to T. in the administration of the estate of W. is a necessary party to a bill filed by S. as the administrator of K. to revive and execute the decree; and that his presence as a party can not be dispensed with upon the averment that none had been appointed, and that in equity and right such successor would have no claim to the unpaid balance due on the decree, but that, he having collected half of the decree, such balance was the property of S. as the administrator of K., the complainant.

(*b*) That these are matters such successor has the right, and must have the opportunity of litigating, and they can not be finally determined in his absence.

APPEAL from Chambers Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed on the 15th of July, 1881, by Samuel Spence, as the administrator of the estate of James W. Kellam, deceased, the appellee, against James M. Griffin, S. J. Costley and H. W. Finney, as the administrator *de bonis non* of the estate of Warrenton Costley, deceased, the appellants, for the purpose stated in the opinion. The material averments of the bill are substantially as follows: In 1859, James W. Kellam and Henry L. Wilkinson entered into a partnership for the purpose of engaging in a general mercantile business, and

[Griffin v. Spence, Adm'r.]

they continued in that business as partners until November,. 1862, when Wilkinson died intestate. Soon thereafter Jno. C. Towles was appointed the administrator of his estate by the Probate Court of Chambers county. In December, 1863, James W. Kellam died intestate, and the complainant was appointed administrator of his estate by the same court. Afterwards complainant and Towles entered into an agreement, that the latter was to control and wind up the partnership business of the firm of Kellam & Wilkinson; and in pursuance of that agreement, Towles, as the administrator of the estate of Wilkinson, filed a bill of complaint "in what was then known as the 12th District of the Southern Chancery Division of the State of Alabama, against one Warrenton Costley, praying for an account between Costley and the firm of Kellam & Wilkinson." On the final hearing of the cause made by said bill, the court entered a decree in favor of Towles, as such administrator, and against Costley, adjudging that "said Warrenton Costley was indebted to the said firm of Kellam & Wilkinson in the sum of twenty-one hundred and seventy-seven 82–100 dollars," and ordering him to pay it to Towles within a time specified in the decree. From this decree Costley appealed to this court, executing a supersedeas bond therefor, with J. M. Griffin, S. J. Costley and one T. D. Ratchford as his sureties. On the hearing of the appeal, the decree of the Chancery Court was affirmed, and it was ordered and decreed by this court, that Towles, as such administrator, should recover of Warrenton Costley and the sureties on the supersedeas bond the full amount of said decree, together with interest, costs and damages. The bill then avers, that Spence, as the administrator of James W. Kellam, deceased, was made a party defendant "to said original bill, but that he was merely a nominal party, being made a party in order that he might concede the right to said John C. Towles, administrator of Wilkinson, to control and wind up the partnership business of said firm of Kellam & Wilkinson;" and that no relief was sought or obtained against him in that suit. The bill then charges, on information and belief, that Warrenton Costley paid to John C. Towles the half of the "amount of said decree which belonged to the estate of Henry L. Wilkinson, deceased, but claimed the right to retain in his own hands the amount which belonged to the estate of James W. Kellam, deceased, pretending, that he, the said Costley, had obtained letters of administration on the estate of James W. Kellam, deceased, and therefore had the right to the custody and control of the assets belonging to said estate. And that the said John C Towles, conniving and colluding with the said Warrenton Costley" permitted him to keep and retain in his own hands the half of the amount of

said decree, "which of right belongs to your orator, as the administrator of the estate of said James W. Kellam, deceased." It is further averred, that several executions had issued on said decree, the last of which was issued on 10th September, 1873; that since the issuance of the last execution John C. Towles had died, and that no successor to him in the administration of the estate of Henry L. Wilkinson had been appointed; that the said estate "has now no interest in said decree, the same having been paid off and discharged to the said John C. Towles, as such administrator, in his lifetime, that is to say, the one-half of the amount of said decree belonging to the estate of Henry L. Wilkinson, deceased, was paid to said John C. Towles in his lifetime, and the balance of the amount of said decree is now the exclusive property of the estate of James W. Kellam, deceased;" that Warrenton Costley was dead, and H. W. Finney was the administrator *de bonis non* of his estate; that the said 12th District of the Southern Chancery Division was at the time of the filing of said original bill, composed of the counties of Chambers and Lee; but that since that time changes have been made in the chancery divisions and districts of the State, and "that there is now no such district as the 12th District of the Southern Chancery Division of Alabama, composed of the counties of Chambers and Lee, that said counties have each a separate chancery court, that for Chambers being known as the 18th, and that for Lee as the 16th District of the Eastern Chancery Division of Alabama." It is further averred that all the parties having an interest in the cause resided in the county of Chambers; and that T. D. Ratchford was dead, and his estate was insolvent. It also appears from the bill, that said original cause, and the records and papers pertaining thereto, were in the Chancery Court of Lee county. The prayer of the bill is sufficiently stated in the opinion

The appellants demurred to the bill on the grounds, (1) that the bill purported to be a bill of revivor of a decree rendered in favor of John C. Towles, as administrator of Henry L. Wilkinson, deceased, and it could only be revived in the name of the successor of Towles; (2) that the bill was an effort to revive a suit in a separate district from the one, in which the original cause was tried, and the decree rendered; and (3) that the complainant's only remedy was an original bill for the settlement of the partnership matters between the estates of Wilkinson and Kellam. They also moved to dismiss the bill for want of jurisdiction, and filed a plea to the jurisdiction of the court, alleging that the records and papers in the original cause were in the Chancery Court of Lee county, and insisting that the bill was filed in the wrong district. The appellees excepted and demurred to the plea; and the cause was submitted

[Griffin v. Spence, Adm'r.]

for decree on the demurrer, motion to dismiss, and the plea and the exceptions and demurrer thereto. The Chancery Court, on the hearing, entered a decree overruling appellant's demurrer, motion to dismiss and plea; and the errors here assigned are based on this decree.

W. H. BARNES, for appellant.

WATTS & SONS and DOWDELL & HOLMES, *contra.*

BRICKELL, C. J.—The purpose and prayer of the original bill is to revive and execute a decree of the court of chancery against Costley, as affirmed against him, and his sureties on the appeal bond, by the judgment of this court, which has become abated by the death of the complainant, in whose favor it was rendered, and also by the death of Costley, the original defendant. To the suit in which the decree was rendered, the present complainant was a party defendant, but, as is now averred, was a mere nominal party, that he might concede the right of Towles, in whose favor the decree was rendered, "to control and wind up the partnership business of Wilkinson and Kellam." The further averment is made, that one-half only of the decree is unpaid, and that this, of right and in equity, is the property of the complainant, Spence.

A court of equity will entertain a bill to carry into execution a decree it has pronounced, when it appears that from some neglect of the parties "to proceed upon the decree, their rights have been so embarrassed by subsequent events, that no ordinary process of the court upon the first decree will serve; and it is, therefore, necessary to have another decree of the court, to ascertain and enforce them."—2 Dan. Ch. Pr. 1585. The bill may be exhibited by one not a party, or deriving title under a party to the decree, if he has similar interests, and can not, without an execution of the decree, obtain a determination of his own rights. An instance of a bill of this description is *State v. Mayor,* 24 Ala. 701. A decree had been rendered for the abatement of a public nuisance, on a bill filed by the Attorney-General, in the name of the State. Citizens whose rights and interests were affected by the nuisance, and who were, therefore, concerned in its abatement, were permitted to intervene for the revivor and enforcement of the decree. And a decree which the complainant has suffered to abate, may be revived at the instance of a defendant, if the complainant or those standing in his right neglect to do it; "for then the rights of the parties are ascertained, and plaintiffs and defendants are equally entitled to the benefit of the decree, and have a right to prosecute it."—2 Dan. Ch. Pr. 1539. When an abate-

[Griffin v. Spence, Adm'r.]

ment occurs before decree, the suit can be revived only by the complainant or those claiming under him; since no one can be compelled to commence, renew, or revive a suit against another. 2 Dan. Ch. Pr. 1539; *Griffith v. Bronaugh*, 1 Bland Ch. 547. After decree, when the rights of the parties are ascertained, if the defendant has an interest in the execution of the decree, or if he has rights involved which require a revivor, he will be allowed to revive it.—*Bensou v. Wolverton*, 1 C. E. Green (16 N. J. Eq), 110; *Peer v. Cookerow*, 2 Beasley, (13 N. J. Eq.), 136. "The good sense of the rule is, when the defendant can derive a benefit from the further proceeding, he may revive, unless there is a general rule against it."—*Williams v. Cooke*, 10 Vesey 406; *Griffith v. Bronaugh, supra.*

The bill must of necessity be filed in the court in which the decree was rendered. It has rather a dual nature—it is partly an original bill, and partly in the the nature of an original bill, though not strictly original.—Mitf. and Tyler's Eq. Pl. 194. Like a *scire facias* to revive a judgment at law, it has something of the form and characteristics of a new, and of the continuation of a former suit. In either case the *scire facias* at law, or the bill to revive and enforce the decree, must proceed in the court having the record on which it is founded. There is a case, 1 Atk. 408, referred to in the text books as supporting the proposition, that the bill will lie to carry into execution the judgment of an inferior court of equity, if the jurisdiction of that court is not equal to the purpose. All our courts of equity are of co-equal jurisdiction, each having like authority to revive and enforce its decrees. The decree was not rendered, is not of record, in the court in which the present bill was filed. It remains of record in the court rendering it, having full jurisdiction to revive and carry it into execution, whenever the jurisdiction is invoked by a proper party, and the ends of justice may require it. The whole purpose of a bill to revive and enforce a decree, is auxiliary and supplemental. It is the completion of the execution of the decree, and if the bill to revive and carry it into execution were entertained in any other court than that in which the decree was rendered, the unity of the proceedings would be destroyed.

The parties to the original decree must, as a general rule, be parties to the bill to revive and enforce it. Their presence can not be dispensed with, unless it appears that they can not execute the decree, nor be the objects of its operation.—2 Dan. Ch. Pr. 1540. The general rule prevailing in a court of equity applies to bills of this character, as to other bills for relief. All persons having a material interest to be affected by the decree must be made parties, not only that a multiplicity of suits may be avoided, and complete justice done, but that there may

[Griffin v. Spence, Adm'r.]

be security in the performance of the decree and the litigation closed, incapable of being re-opened by parties having interests in it, and who are not before the court.

The original decree was rendered in favor of Towles as administrator of Wilkinson, founded on a demand due from Costley, the defendant, to the partnership of Wilkinson and Kellam. In legal contemplation, the decree is assets, belonging to the estate of Wilkinson, the unpaid balance of which, on the death of Towles, was unadministered, vesting in title, not in his personal representative, but in his successor as administrator when appointed. The presence of the successor as a party to the bill it is sought to dispense with, upon the averment that none had been appointed, and that in equity and right, such successor would have no claim to the unpaid balance, because it is the exclusive property of the complainant. These are matters a successor to Towles must have the right and opportunity of litigating. Of them, in the absence of such successor, there can be no determination which will be final; and if a decree was rendered for the revivor and enforcement of the original decree, there would be much of insecurity in yielding obedience to it. A successor in the administration of Wilkinson's estate, whenever appointed, could not be denied the right to revive and enforce the decree, unless these matters were affirmatively shown in the defense. The decree rendered to which he was not a party, would not be evidence against him, the litigation now involved would be re-opened and upon the want of evidence which, it may be, could now be introduced, or upon the introduction of other and further evidence, a different determination reached, from that which would now be reached. That a successor in the administration has not been appointed, is not a reason or excuse for proceeding to a decree, which must affect, and ought to bind the personal assets. Any party having an interest in the appointment, can procure it from the court of probate, the court having authority to confer it on the general administrator or sheriff of the county, if no one having rights in the assets will accept it.—*Marshall v. Gayle*, 58 Ala. 284; *Costephens v. Dean, ante* p. 385. It is a fundamental principle of justice, that judicial tribunals must not pass upon and decide rights, unless the parties claiming them have the opportunity to appear and vindicate them. It is the general rule of a court of equity, that a defendant wishing to revive a suit after decree, must give notice to the plaintiff or his representative.—2 Dan. Ch. Pr. 1540. The only exceptions which can be engrafted on the rule are exceptions of the character already referred to, where the plaintiff has no further interest in the decree, and can not be the object of its operation. When this affirmatively appears on the record, notice to

the plaintiff may not be necessary. Whenever it rests upon extrinsic evidence, and may be the matter of controversy, notice is indispensable.

It is insisted that though the bill may not be maintainable as a bill to revive and enforce the decree, it may be maintained as strictly an original bill, for the recovery of the balance due on the decree as a partnership debt, the right and title to which reside in Spence, as the personal representative of the last, surviving partner. If in any aspect the bill could be maintained upon that ground, it is obvious that it would still be fatally defective for the want of necessary parties. The original demand against Costley is merged in the decree, which is a new debt payable to, and demandable only by a successor to Towles, in whose favor it was rendered.—Freeman on Judgments, § 217. If there be any trust arising either from the agreement into which Towles and Spence entered, or because of the state of the partnership accounts, by which Spence would have the superior equity to the unpaid balance of the decree, the trust can not be declared and enforced unless there was a successor to Towles, having the legal title to the decree, before the court. But the bill is framed, and has appropriate allegations for no other purpose than the revivor and enforcement of the decree, and it is unnecessary to consider what rights, if any, the complainant would have, if another case were presented.

The demurrer and the motion to dismiss, and the plea to the jurisdiction, were improperly overruled, and the decree must be reversed and the cause remanded, that a decree sustaining them may be rendered.