(86 South. 380)

**SOLLIE v. OUTLAW et al.    (4 Div. 891.)**

(Supreme Court of Alabama.    Oct. 14, 1920.)

1. **Equity** ⇐441—**Equity courts may upon bill therefor enforce decrees, where obstacles arise after rendition.**

The authority of a court of equity to enforce its judgments or decrees when obstacles have arisen since their rendition is well recognized, and usually invoked by a bill therefor.

2. **Equity** ⇐441—**Dismissal of bill after decree, but before final execution, does not annul decrees, but requires bill for enforcement.**

Where after decree settling the parties' equities, the bill was dismissed for want of prosecution, before final execution of the decree, the dismissal did not vacate or annul the decree, but requires a bill for its enforcement.

3. **Mortgages** ⇐526(1)—**Chancery decree, ordering property sold subject to mortgage, held not to confirm mortgage sale.**

Where a court of equity ordered land sold subject to a mortgage for the satisfaction of complainants' claim, and the decree adjudged the mortgage a superior lien, it will be *held* not to operate as confirmation of sale under the mortgage, where not expressly so stating and to so hold would put the chancery court in the attitude of having done a vain and useless thing by granting complainants relief and ordering sale, and particularly where the pleadings did not warrant such confirmation.

4. **Lis pendens** ⇐25(6) — **Purchaser, upon foreclosure after bill to require sale of property subject to mortgage, charged with notice of lis pendens.**

Where a mortgage foreclosure was made after filing of a bill to enforce sale of land subject to mortgage, the purchaser was charged with a notice of lis pendens, and cannot claim innocence of complainant's right to have their claims decreed as prior, or to satisfy and liquidate the mortgage, even if a prior claim, in order to enforce their lien.

⇐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Equity ⬤⟹441—Prayer in suit to enforce decree insufficient to warrant a decree for accounting, in the absence of averment and proof.**

Upon suit to enforce a decree ordering land sold subject to a mortgage brought against the mortgagee purchasing under mortgage foreclosure sale, defendant could not be required to account for the rents as prayed, in the absence of averment thereof and proof.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill by Susie Outlaw and others against Mrs. A. E. Sollie, to enforce a decree of the chancery court of Henry county, Ala. From a decree overruling the demurrers to the bill respondent appeals. Affirmed.

The history of the case is that on September 10, 1908, a decree was rendered in the case of J. J. Willis et al. v. W. M. Willis et al., ordering a sale of land to enforce a vendor's lien, and was subject to a mortgage held by W. S. Oates on the land, and that the order of sale was never carried out, but was continued under formal order of sale until May 1, 1916, when the cause was dismissed. It seems that Jeriniah Willis was the owner of the land, and he died, leaving the lands to his heirs, who filed this bill; that the heirs sold to W. M. Willis their interest in the land and were to receive $500 each, but that the purchase money was never paid, and that W. M. Willis, the purchaser and heir, mortgaged the lands to W. S. Oates, who in turn sold his mortgage to A. E. Sollie, or at least foreclosed his mortgage, and, acting for A. E. Sollie, purchased the lands at foreclosure sale; that M. Sollie, the husband of A. E. Sollie, was employed by complainant to enforce their vendor's lien, and while purporting to represent them, but in fact representing his wife, without their consent amended his bill, asking that the lien of the Oates mortgage be declared superior to the vendor's lien of complainant, which was done, and the lands ordered sold; but the decree of the court was never executed, but was continued from term to term until May 1, 1916, at which time M. Sollie permitted and allowed a discontinuance of the cause, and had same marked dismissed on the docket, and complainants now ask that the decree be revived, and that the lands be ordered sold subject to the Oates mortgage.

W. W. Sanders, of Elba, Farmer, Merrill & Farmer, of Dothan, and H. L. Martin, of Ozark, for appellant.

Mrs. Harrison, one of the vendors, was a necessary party complainant in this case. 90 Ala. 281, 7 South. 925. Mrs. Sollie could not be charged with the rent. 8 Ala. 402; 174 Ala. 389, 57 South. 464; 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; 119 Ala. 194, 24 South. 11. No tender has been made or offered, and as a bill to redeem the bill must fail. 73 Ala. 127; 133 Ala. 392, 32 South. 602; 180 Ala. 143, 60 South. 799. The foreclosure deed was strictly under the powers in the mortgage, and therefore cut off the equity of redemption. 54 Ala. 317; 69 Ala. 487; 191 Ala. 248, 68 South. 1; 190 Ala. 521, 67 South. 401. The bill was not good as a bill to impeach the decree as a fraud. 63 Ala. 364; 85 Ala. 125, 3 South. 760; 89 Ala. 341, 7 South. 416; 141 Ala. 161, 37 South. 427. Oates was a necessary party to such a bill. 129 Ala. 653, 29 South. 665. Complainant should fail because of laches. 55 Ala. 525; 95 Ala. 544, 11 South. 56; 164 Ala. 423, 51 South. 254, 20 Ann. Cas. 901.

Chapman & Lewis, of Dothan, for appellees.

A bill to enforce a decree will lie. 69 Ala. 393; 155 Ala. 52, 46 South. 273; 16 Cyc. 500. The statute gives 20 years within which to enforce a decree. Section 4833, Code 1907; 196 Ala. 184, 72 South. 14. The relation of attorney and client is too well known to need extended notice. 132 Ala. 140, 31 South. 458, 56 L. R. A. 879; 73 Ala. 118; 2 R. C. L. 973. Mrs. Sollie was charged with notice of lis pendens. 17 R. C. L. § 28. It is the province of the court to construe the decree rendered. 34 Kan. 94, 8 Pac. 242; 5 Enc. of P. & P. 1060.

ANDERSON, C. J. [1] The bill as amended, while charging fraud and misconduct on the part of the husband of the respondent, A. E. Sollie, who was of counsel for the complainants in the procurement of a decree in a former cause in giving the Oates mortgage priority and in failing to properly prosecute their claim, does not seek to repudiate or review the former decree adjudging such priority, but merely asks an interpretation and enforcement of same, upon the theory that there are obstacles against the enforcement of same, in that the cause was dismissed by the court for want of prosecution after the rendition of and a finality of said decree, but before a sale for the enforcement of same. Indeed, counsel for appellees, with commendable candor, admit in their brief that application for a bill of review was not made within the time required by section 3178 of the Code of 1907, and, while charging fraud on the part of complainants' former counsel in giving the Oates mortgage priority, concede that the decree so rendered should be enforced, and ask for an execution of same, that is, a sale of the land for the satisfaction of the complainants' lien after first satisfying the claim due Mrs. A. E. Sollie as purchaser or assignee of the Oates mortgage. The authority of a court of equity to enforce its judgments or decrees when obstacles have arisen since the rendition of same is well

recognized, and is usually invoked by a bill for that purpose. Griffin v. Spence, 69 Ala. 393; 16 Cyc. 500; Fletcher's Eq. Plead. & Prac. § 958, p. 1015.

[2] The decree settling the equities of the parties and granting the complainants relief was rendered September 10, 1908, and the subsequent dismissal of the bill by the court for want of prosecution some years thereafter, but before the final execution of the decree, did not vacate or annul same (Ex parte Gist, 119 Ala. 463, 24 South. 831), but does render the present bill necessary for the enforcement and execution of said decree.

[3] It is insisted by the appellants' counsel that the former decree, in effect, not only adjudged the Oates mortgage as being a superior lien upon the land, but operated as a confirmation of the sale thereunder, thus clothing Mrs. A. E. Sollie, the purchaser, with an absolute title to the land, subject only to the statutory right of redemption, which has not been appropriately exercised. There are expressions in the decree, which the bill avers was drafted by M. Sollie, the respondent's husband, and who was at the time attorney for the complainants, which not only give the Oates mortgage priority, but recite in effect that Oates is entitled to hold any and all rights he has in and to said lands, "he and his assignee, under and by virtue of said mortgage and the foreclosure thereof." If this was all, it would doubtless appear that the decree attempted to confirm the foreclosure sale; but, when it is considered in its entirety, and the subsequent part thereof, ordering a sale of the land for the enforcement of the complainants' lien, subject to the Oates mortgage, the only reasonable construction that can be given same is that the complainants are entitled to relief, have an enforceable lien on the land which is ordered sold, and the proceeds are to be applied, first, to the payment of the debt due upon the Oates mortgage, and then to the demand of the complainants. To hold that the decree confirmed the sale under the Oates mortgage would put the chancery court in the attitude of having done a vain and useless thing by granting the complainants relief and ordering the property sold, for if the sale under the Oates mortgage was confirmed, there was nothing to sell for the satisfaction of the complainants' claim. Moreover, if the decree expressly confirmed said mortgage sale, such action was not warranted by the pleading; for the former bill, even as last amended, while recognizing the superiority of the Oates mortgage, made no allusion to the foreclosure sale thereunder, and did not request or concede a confirmation of same; and, while Oates filed a short answer setting up a sale of the property subsequent to the filing of the bill, he did not,

by cross-bill or otherwise, seek a confirmation of said sale.

[4] We therefore hold that the former decree simply granted complainants relief, ascertained the amount of their claims, including a reasonable fee for their attorney, M. Sollie, and directed the register to sell the property after default in the payment of said decree, and directed payment out of the proceeds, first, to what was due upon the Oates mortgage, and the residue to the satisfaction of complainants' claim. The foreclosure of the Oates mortgage was made after the complainants' bill was filed, and A. E. Sollie, the purchaser, was charged with notice of the lis pendens, and cannot claim that she was innocent of the complainants' right to have their claims decreed as prior ones, or of the right to satisfy and liquidate the Oates mortgage, even if a prior claim, in order to enforce their lien.

[5] Counsel for appellants also insist upon error as to the overruling of their demurrer to so much of the bill as seeks to make Mrs. A. E. Sollie account for rents. We find nothing in the bill charging her with the collection or reception of rents, or claiming that she should account for same, except in the prayer, and in the absence of averment and proof to establish a claim or demand a prayer therefor availeth nothing, and the appellants can take nothing by their demurrer, which merely goes to a portion of the prayer of a bill not supported by averments in the body of same.

The trial court did not err in overruling the demurrers of the bill of complaint, and the decree is accordingly affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.