(89 South. 561)

**SOLLIE et al. v. OUTLAW et al.**

(4 Div. 929.)

(Supreme Court of Alabama. June 30, 1921.)

**Mortgages** ⬅199(3)—**Purchaser at mortgage foreclosure sale not accountable for rents to holders of junior vendor's lien.**

Although defendant, purchasing at mortgage foreclosure sale, had notice of complainants' vendor's lien subordinate to the mortgage, there was no privity of contract between defendant and complainants, and defendant, occupying the status of prior mortgagee in possession after default with mortgagor's consent, was not accountable to complainants for rents and profits; the subject of the mortgage being the property of the mortgagee rather than of complainants.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Bill by Susie Outlaw and others against Mrs. A. E. Sollie and others. From a decree denying a motion to strike, and overruling demurrers, respondents appeal. Reversed and remanded.

The case was here on former appeal, and will be found reported in 204 Ala. 522, 86 South. 380, where a partial history of the case will be found. After remandment, the bill was amended as follows:

"Complainants further aver that defendant A. E. Sollie, by and through her husband, M. Sollie, took possession of the property described, and set forth in said decree under and by virtue of the alleged foreclosure of the Oates mortgage and the title she obtained thereby; that at said time the said A. E. Sollie had notice of the lien of plaintiffs for the unpaid purchase money, and plaintiffs aver that the said A. E. Sollie was, in law and in fact, a mortgagee in possession, and chargeable with the rents and profits of said lands; that as such she received a large sum each for the rent thereof, and has collected a sum as rents and profits of said land more than sufficient to pay and discharge the amount due her under the Oates mortgage; that by reason of the attempt of the said A. E. Sollie, since the filing of the plaintiffs' bill in this cause, to hold said land as against the right of these complainants, and preventing plaintiff from having said decree enforced by a sale of said land as in equity and good conscience they had the right, said land has decreased in value, and plaintiffs are informed and believe, and upon such information and belief allege that, it is necessary to charge A. E. Sollie with the rents and profits collected by her from said land, and set off the amount against her debt in order for said property to bring a sum sufficient to pay off and discharge the lien of plaintiffs as set forth in the final decree in the case of J. J. Willis et al. v. W. M. Willis et al., in chancery court of Henry county, Ala., a copy of which is marked Exhibit G to the original bill."

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

H. L. Martin, of Ozark, Farmer, Merrill & Farmer, of Dothan, W. O. Mulkey, of Geneva, and W. W. Sanders, of Elba, for appellants.

See former report of this case, 204 Ala. 522, 86 South. 380. The bill as amended was subject to the demurrer. 187 Ala. 156, 65 South. 769; 101 Ala. 499, 14 South. 541; 174 Ala. 393, 57 South. 464.

Chapman & Lewis, of Dothan, for appellees.

When equity acquires jurisdiction, it will settle the whole litigation. 55 Ala. 611; 70 Ala. 108. A vendor's lien operates as an equitable mortgage. 202 Ala. 442, 80 South. 826; 200 Ala. 672, 77 South. 46. A purchaser pendente lite is bound by the proceedings. 64 Ala. 486. Respondent was liable for the rents. 132 Ala., 155, 32 South. 630. The right to foreclose is· postponed, and subordinate to the equity to redeem, put into effect by the filing of the bill. 201 Ala. 398, 78 South. 196; 191 Ala. 248, 68 South. 1.

SAYRE, J. On the former appeal in this cause (Sollie v. Outlaw, 204 Ala. 522, 86 South. 380) the brief for appellant sought a ruling on the question whether appellant was liable to account to appellees for the rents and profits of the land for the time which has elapsed since appellant took possession under her purchase at the foreclosure sale; but the court declined to rule upon that question for the reason that the averments of the bill failed to show that appellant had been in the reception of rents or profits. Upon the return of the cause to the trial court the bill was amended by the addition of paragraph 13, claiming rents and profits to the extent necessary to satisfy complainants' lien, and now the question whether appellant should be held to account for rents and profits to the extent indicated is again presented for decision.

The effect of the decision on the former appeal was, under the averments of the bill, to recognize the validity and priority of the Oates mortgage—this in pursuance of concession by appellees to that effect. Complainants (appellees) are therefore now to be treated as junior lienors, and, by virtue of defendant's (appellant's) purchase at the foreclosure sale, made, it is true, after the filing of the bill here, she stands in the place of an assignee of the senior mortgagee. There is no privity of contract between appellees and this appellant, and to the situation presented by the bill the authority of Kirksey v. Mitchell, 8 Ala. 407, is applicable by analogy. The status of a prior mortgagee in possession, after default, with the consent of the mortgagor having been conceded to appellant, the subject of the superior mortgage is the property of the mortgagee rather than of the complaining lienors

and no reason appears why the former should be required to account to the latter for rents and profits. And while appellees in their brief seem to prefer a claim, not for rents and profits specifically, but for damages —that is, they say that their attorney or solicitor, who was fraudulently acting in the interest of his wife, appellant, wrongfully prevented them from obtaining satisfaction of the decree rendered in their favor in 1908, and so did drive them to file the present bill to enforce that decree, the value of the land, which stands as security for the claims of the respective parties in the order of their preference, having in the meantime so far decreased that, unless appellant is made to respond in damages, appellees must resort to an action at law, an alternative which should not be required of them by equity which delights to do justice, and not by halves—while this appears to be the result of the brief, thus inviting the court to take jurisdiction of an action purely in tort, which ordinarily it will not do, the averments of the amendment which brings the question here amount to nothing more nor less than a claim for rents and profits as such. For reasons already stated, our judgment is that appellees are not entitled to rents and profits. It results that the demurrer to so much of the amended bill as claims rents and profits should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.