**PERRINE SAWMILL CO. et al. v. POWELL et al.   (3 Div. 625.)**

(Supreme Court of Alabama.   Feb. 14, 1924. Rehearing Granted June 26, 1924.   Rehearing Denied Oct. 9, 1924.)

1. **Brokers ☞87—Decree in suit for monthly installments should embrace unpaid installment maturing prior to decree.**

In action on contract entitling complainants to certain amount on every thousand feet of timber cut and manufactured into lumber, payable in monthly installments, decree should embrace all unpaid installments maturing before and after bill was filed prior to final decree.

2. **Lis pendens ☞24(1)—Purchaser of timber with knowledge of pending suit took subject to decree.**

Purchaser of timber with knowledge of pending suit involving timber took subject to future decree.

3. **Brokers ☞63(1)—Lumber companies held liable for commissions which brokers would have made if companies had not transferred timber.**

Where lumber company which had agreed to pay brokers certain commission on every thousand feet of lumber cut, and another corporation which had assumed such contract, transferred timber to third corporation, they became liable to brokers for commissions which would have been earned under contract if they had retained timber and manufactured it into lumber, with interest.

4. **Brokers ☞74, 77—Remedy of brokers, who recovered judgment for unpaid commissions on timber cut, stated.**

Where brokers had lien on timber sold by lumber company, under latter's contract entitling brokers to commissions on timber cut into lumber, payable in monthly installments, and where buyer of timber assumed lumber company's liabilities, brokers, on recovery of judgment for unpaid installments, were entitled to have execution issue against buyer, and, if not collected, could enforce payment through lien on property by sale of all or part thereof.

5. **Brokers ☞77—Payment of judgment for installments of commissions secured by lien on timber held not to affect lien for future maturing installments.**

Where brokers had lien on timber for commissions under contract entitling them to cer-

---

tain commission on every thousand feet cut into lumber,. payable in monthly installments. and recovered judgment for unpaid installments, payment of judgment would not affect lien for installments that might mature in the future.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by J. B. Powell and another against the Perrine Sawmill Company and another. Decree for complainants, and respondents appeal. Affirmed.

James J. Mayfield, of Montgomery, for appellants.

Complainants cannot recover compensation which was not due at the time of filing the bill. Bradford v. Marbury, 12 Ala. 520, 46 Am. Dec. 264; Jones v. Dyer, 92 Ark. 460, 123 S. W. 757; Friedman v. McAdory, .85 Ala. 61, 4 South. 835; Thomas v. Richards, 124 Ga. 942, 53 South. 400; 64 Minn. 112, 66 N. W. 202, 67 N. W. 208; 87 N. Y. 476; 134 Mo. App. 501, 114 S. W. 1039; 69 Conn. 304, 37 Atl. 688; 202 N. Y. 34, 95 N. E. 23, 37 L. R. A. (N. S.) 600, Ann. Cas. 1912D, 870; Tobin v. McCann, 17 Mo. App. 481; Wetherell v. Evarts, 17 Vt. 219; Freider v. Lienkauff, 92 Ala. 469, 8 South. 758; Jones v. Massey, 79 Ala. 370; Bragg v. Patterson, 85 Ala. 233, 4 South. 716; McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 South. 567; 11 Cent. Dig. (Contr.) § 1015½; Nesbitt v. McGhee, 26 Ala. 749; Cowles v. Buckingham, 49 Conn. 121; McGregor v. Johnson, 2 Ind. 70; Miller v. Nugent, 12 Ind. App. 348, 40 N. E. 282; Allen v. Philips, 12 Ky. (2 Litt.) 1.

Steiner, Crum & Weil and Horace Stringfellow, all of Montgomery, for appellees.

Parties purchasing with notice of a pending suit are bound by the decree. Stein v. McGrath, 128 Ala. 181, 30 South. 792. All installments that became due before the decree may be embraced in the decree. Fields v. Drennen & Co., 115 Ala. 560, 22 South. 114. A court of equity regards that as done which ought to be done. Wimbish v. Montg. Mut. B. & L. Ass'n, 69 Ala. 575. Respondents could not defeat the contract by putting it beyond their power to perform. Little Cahaba Co. v. Ætna Ins. Co., 192 Ala. 48, 68 South. 317, Ann. Cas. 1917D, 863; Walker v. Cuthbert, 10 Ala. 220; Gliddon v. McKinstry, 25 Ala. 246; 3 Elliott on Contr. § 2108; Poirer v. Gravel, 88 Cal. 79, 25 Pac. 1109; Wolf v. Marsh, 54 Cal. 228; Ackley v. Hunter & Co., 166 Ala. 307, 51 South. 964; Sheffield Fur. Co. v. Hull C. & C. Co., 101 Ala. 485, 14 South. 672; Lovell v. St. Louis M. L. I. Co., 111 U. S. 264, 4 Sup. Ct. 390, 28 L. Ed. 423; P. N. Gray & Co. v. Cavalliotis (D. C.) 276 Fed. 566.

MILLER, J. This is the second appeal in this cause. Perrine Sawmill Co. v. Powell, 207 Ala. 447, 93 South. 33. A statement of some of the material facts as they appear in the pleading and proof will be found in the opinion on former appeal, and we will not repeat them here. This appeal is prosecuted by the defendants from a decree, under that opinion, sustaining a report of the register on reference.

The complainants are creditors of the defendant Ensign Yellow Pine Company, a corporation, by contract payable in installments, with a lien therefor, created by operation of law under certain facts found to exist on former appeal, on all of the property conveyed by it to the defendant Perrine Sawmill Company, a corporation, which property is described in a conveyance marked "Exhibit B" to the original bill of complaint. We did so hold, or intended to do so, on former appeal; and we see no good reason now for reversing that finding and ruling. The reasons for it and the authorities to sustain it are cited in the opinion. We will mention here only three—Adams v. Perryman & Co., 202 Ala. 469, 80 South. 853; Ft. Payne Bk. v. Ala. S. Co., 103 Ala. 358, 15 South. 618; Montgomery & W. P. R. R. Co. v. Branch, 59 Ala. 153.

From the facts alleged this bill seeks to ascertain the amount due the complainants under their contract with the Ensign Company; to establish a lien for the debt and obligation under the contract on this property conveyed by the Ensign Company to the Perrine Company, and to enforce the collection of the debt as it matures under the contract.

This contract, Exhibit A to the bill. between complainants and the Ensign Company provides for the payment of debts or obligations evidenced by it in installments. It appears in part in the former opinion. The complainants under the contract are to be paid monthly on or about the 15th of each month 20 cents per thousand feet on timber cut, manufactured into lumber, and shipped during the preceding month, the payments to continue to be made from month to month on lumber shipped by the Coosa Mill Company or its assigns, from timber cut, which is embraced in the contract of the Coosa Mill Company with the Ensign Company, to an amount not exceeding 225,000,-000 feet. The Coosa Mill Company, or its assigns, have not exceeding 20 years from December 12, 1917, within which to cut this timber, manufacture it into lumber, and ship it, under its contract with the Ensign Company or its assigns.

The rights of the complainants for compensation rest entirely on their contract with the Ensign Company. As the timber embraced in the contract of the Coosa Mill Company with the Ensign Company is cut, made into lumber, and shipped, the complainants become entitled to collect monthly for the preceding month 20 cents per thousand feet for that lumber so cut and shipped.

Under decree of the court on reference,

the register reported, which report was confirmed by the court, that the amounts due complainants under their contract for lumber cut and shipped from the timber embraced in the Coosa Mill Company contract with the Ensign Company to be as follows: (1) A balance of $636.65, after deducting the payments made to complainants, for lumber cut and shipped by the Coosa Mill Company. (2) The sum of $237.29 for lumber cut and shipped by the Perrine Sawmill Company, after it purchased the rights of the Coosa Mill Company and the Ensign Company in a part of this timber. (3) The sum of $750.40 for lumber cut and shipped by the Arkansas-Alabama Lumber Company from timber embraced in the contract of the Coosa Mill Company with the Ensign Company. The register reported the Perrine Sawmill Company sold and conveyed this timber to the Arkansas-Alabama Lumber Company, a corporation, after this suit was commenced, and it had at the time it acquired and cut the timber notice of this suit. The Arkansas-Alabama Lumber Company was a party to the proceedings on reference before the register.

These three different amounts include interest on each installment from maturity until the date of the report of the register. The respondents do not seriously question the correctness of this $636.65. It was for timber cut and lumber shipped by the Coosa Mill Company before this bill was filed, and before the Perrine Company purchased the rights of the Coosa Mill Company and the Ensign Company in this timber. This part of the report of the register and the decree of the court confirming it is free from error, and is supported by the evidence.

[1] The appellants insist the items of $237.29 and $750.40 due complainants were improperly reported by the register and erroneously confirmed by the court. This bill was filed on July 17, 1919. Some of this timber at that time had not been cut, and this lumber had not been shipped. It is clear from the evidence that the register correctly found and reported this lumber, for which the complainants are entitled to this compensation under their contract, was cut and made and shipped from timber embraced in the contract of the Coosa Mill Company with the Ensign Company, which was sold to the Perrine Company. It is true nearly all of the installments, constituting these two items due complainants for this lumber when shipped under their contract, matured after this bill of complaint was filed. This bill seeks to collect, under a contract, debts or obligations, payable in installments at different times; and under the facts of this cause they are secured by a lien which complainants seek to enforce. Some of these installments were due and payable when the bill was filed, and all other installments under the contract, becoming due after the filing of the bill and before final decree in this cause, can and should be embraced in the decree. The decree should embrace any installments under this contract of complainants maturing before and after the bill was filed, and prior to the final decree of the court in the cause, which are not paid. Mussina v. Bartlett, 8 Port. 277; Levert v. Redwood, 9 Port. 79; Fulgham v. Morris, 75 Ala. 245; Marks, etc., v. Wilson, 115 Ala. 561, 22 South. 134.

[2] The Arkansas-Alabama Lumber Company purchased this timber embraced in the contract of the Coosa Mill Company with the Ensign Company from the Perrine Company while this suit was pending, and with notice of its pendency. It took the timber by the purchase at that time with notice of the suit, and subject to the future decree of the court. It purchased the property subject to the hazard of this litigation. Morton & Bliss Co. v. N. O. & S. R. Co., 79 Ala. 605; Stein v. McGrath, 128 Ala. 175, 180, 181, 30 South. 792.

The court did not err in confirming that part of the report of the register and including in the amount due complainants in the decree the $237.29 and $750.40. Authorities, supra.

The register held, and so reported to the court, which was confirmed, that complainants were entitled to $600 for timber that was and could be cut and could be made into lumber from timber sold by the Arkansas-Alabama Lumber Company to one Archie Heyburn, and to $16,107, including interest, for timber on the Vizard tract. It does not appear that these amounts, $600 and $16,107, are for timber which has been cut, made into lumber and shipped, but it appears to be timber embraced in the contract of the Coosa Mill Company, and in the contract of complainants, and the Perrine Company has placed this timber where it is not within its power to cut it or have it cut as agreed to in the contract with complainants.

It appears from the report of the register that the total amount of lumber that could be cut from the timber included in the contract of Ensign Company with the Coosa Mill Company would not exceed 201,000,000 feet. The complainants under their contract with the Ensign Company are entitled to commissions at 20 cents per thousand on lumber cut from this timber not to exceed 225,000,000 feet.

The register found and reported that there could have been cut from the timber on the Vizard tract 63,250,000 feet of lumber; and there is due the complainant for this timber commissions amounting with interest to the sum of $16,107. The Perrine Company, when it purchased the rights of the Coosa Mill Company and the Ensign Company in this timber involved in this cause, and assumed

the liabilities of the Ensign Company, agreed with the Coosa Mill Company to procure the assignment and transfer of this Vizard timber to the Coosa Mill Company or its nominees; and the Perrine Company did transfer and assign, or have the Ensign Company to transfer and assign, this Vizard timber to the Coosa Mill Company or its nominees as they agreed in writing. This placed .the timber where the Perrine Company could not comply with the agreement of the Ensign Company with the Coosa Mill Company to cut this timber and ship and pay complainants 20 cents per thousand therefor as the contract of complainants and the Ensign Company required them to do. The Perrine Company then became liable to complainants for their commissions, 20 cents per thousand, for the timber on the Vizard tract which could be manufactured into lumber.

In 3 Elliott on Contracts, § 2108, we find the following:

"If one voluntarily puts it out of his power to do what he has agreed, he breaks his contract and immediately becomes liable for the breach, without demand, even though the time specified for performance has not expired."

See, also, Little Cahaba Coal Co. v. Ætna Ins. Co., 192 Ala. 48, 68 South. 317, Ann. Cas. 1917D, 863; Walker v. Cuthbert, 10 Ala. 220; Gliddon v. McKinstry, 25 Ala. 246.

[3] The Ensign Company and Perrine Company, by assigning and transferring this Vizard timber to the Coosa Mill Company or its nominee, put it out of their power to do what the Ensign Company had agreed with complainants, which contract was assumed by the Perrine Company. The contract was thereby breached, and the defendants Ensign Company and Perrine Company became liable to complainants for the damage which was their commissions under their contract for the timber on the Vizard tract, which could be manufactured into lumber at 20 cents per thousand, with interest. The court did not err in allowing complainants the sum of $600 for timber sold by Arkansas-Alabama Lumber Company, and the sum of $16,107 for the Vizard timber, as reported by the register.

In the contract between the Ensign Company, as vendor, and the Perrine Company, as vendee, we find the following stipulation, consideration, and agreement.

"II. In part consideration of such sale and conveyance, the company agrees to undertake, pay, satisfy, and discharge all the lawful debts and liabilities of the vendor in relation to its said logging and sawmill business, except any liability under its agreement with Mrs. F. A. Lancaster and others, and to assume and discharge all lawful liens against said property."

[4] These five items, $636.65, $237.29, $750.-40, $600, and $16,107, amounts now due complainants under their contract, are liabilities of the Ensign Company assumed by the Perrine Company, for which complainants have a lien on the property sold and conveyed to the Perrine Company by the Ensign Company, described in their contract and conveyance. If these amounts, with interest, are not presently paid by the Perrine Company, together with any other installments that may have matured under the contract of complainants before the final decree, then the trial court may have execution to issue for them, with interest, against the Perrine Company; and if they are not collected in that way, the payment of them may be enforced through the lien on the property 'mentioned by a sale of all or a part thereof. See Fulgham v. Morris, 75 Ala. 245, and authorities supra.

[5] The respondent Perrine Company may stop this proceeding by paying now the above amounts, with interest, and any additional installments that may have matured since the report of the register, under the contract of complainants on timber sold Perrine Company by the Ensign Company, embraced in complainants' contract, which has been cut and shipped, together with the cost of this cause; but this will not affect the lien of complainants on this property for any installments that may mature in the future under their contract for the said timber sold Perrine Company by Ensign Company, as it is cut, made into lumber, and shipped, which the Perrine Company, or its assigns, may fail to pay. Mussina v. Bartlett, 8 Port. 277; Fulgham v. Morris, 75 Ala. 245; and authorities supra.

The decree is affirmed.

Affirmed. .

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.