## ARK–ALA LUMBER CO. et al. v. POWELL et al. (3 Div. 712.)

(Supreme Court of Alabama. June 11, 1925. Rehearing Denied Oct. 22, 1925.)

1. **Equity ⬦⇒437—Court of equity may enforce its judgments or decrees when obstacles have arisen since their rendition.**

Court of equity may enforce its judgments or decrees when obstacles have arisen since their rendition.

2. **Lis pendens ⬦⇒26(4)—Complainant, in whose favor decree fixed lien against property sold to respondents with notice of lien, held entitled to file original bill in nature of supplemental bill to enforce lien as against respondents.**

An original bill in the nature of a supplemental bill will lie to enforce decree in equity awarding complainant lien on personalty against purchasers not parties to original suit, where lis pendens in former suit was regularly filed and recorded, and bill expressly avers that respondents dealt with property with notice of lien.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by J. B. Powell and J. W. Farrior against the Ark-Ala Lumber Company and the Wisconsin-Alabama Lumber Company. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

James J. Mayfield, of Montgomery, for appellants.

Judgments are binding only upon the parties thereto and their privies; they are void as to third parties. Freeman on Judgments, § 154. The jurisdiction of a court of equity is in personam and not in rem. 10 R. C. L. 364, 387. A court of equity will not entertain jurisdiction where there is an adequate remedy at law. 10 R. C. L. 271–275; Gulf Comp. Co. v. Harris, 158 Ala. 343, 48 So. 477, 24 L. R. A. (N. S.) 399; Reynes v. Dumont, 130 U. S. 352, 9 S. Ct. 486, 32 L. Ed. 934; Hipp v. Babin, 19 How. 271, 15 L. Ed. 633; 128 Wis. 68, 107 N. W. 481, 8 Ann. Cas. 544, 5 L. R. A. (N. S.) 1048; Magniac v. Thompson, 15 How. 281, 14 L. Ed. 696; Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451; Swann Co. v. Frank, 148 U. S. 603, 13 S. Ct. 691, 37 L. Ed. 577; Cates v. Allen, 149 U. S. 451, 13 S. Ct. 883, 37 L. Ed. 804. To maintain an action for an accounting, there must be privity by contract or consent or in law between the parties. Whitwell v. Willard, 1 Metc. (Mass.) 216; Conklin v. Bush, 8 Pa. 514.

Horace Stringfellow and Steiner, Crum & Weil, all of Montgomery, for appellees.

The respondents, having acquired the property pending the litigation with notice, were bound by the decrees rendered therein, although not parties. Perrine Sawmill Co. v. Powell, 211 Ala. 620, 101 So. 389. A court of equity has authority to enforce its judgments and decrees, when obstacles have arisen since the rendition of same, against a party purchasing pending suit, with notice, as against the original defendant. Sollie v. Outlaw, 204 Ala. 522, 86 So. 380.

GARDNER, J. A decree was rendered in favor of the complainants to this bill in their suit against the Perrine Sawmill Company and others, and a lien declared in their favor upon all of the property contained in the conveyance from the Ensign Yellow Pine Company, Inc., to said Perrine Sawmill Company, attached as Exhibit B to the original bill in that cause. The decree fixing the liability and declaring the lien was affirmed by this court in Perrine Sawmill Co. v. Powell et al., 211 Ala. 620, 101 So. 389, where the former appeal is cited (207 Ala. 447, 93 So. 33) for a more complete history of the case.

Pending this litigation, the bill in the instant case avers the Perrine Sawmill Company sold and conveyed all of the property described in said Exhibit B to the Ark-Ala Lumber Company, and that, after the rendition of the last decree declaring the lien thereon, the said Ark-Ala Lumber Company conveyed said property to the Wisconsin Alabama Lumber Company, and that both of these corporations had notice of complainants' lien. Part of the property upon which this lien existed was an entire sawmill plant, described in the bill, which the Wisconsin

---

Alabama Lumber Company is charged with having removed and having disposed of a large portion thereof. The bill in this cause was filed for the purpose of having these respondents account for the property so disposed of upon which complainants had the declared lien, and for the enforcement of the decree rendered.

[1, 2] It is insisted respondents were not parties to the original cause wherein the lien was established, and that the bill only discloses an action in tort, for redress of which the remedy at law is adequate and complete. A lis pendens under the statute was duly filed and recorded, and the bill expressly avers respondents dealt with the property with notice of the lien.

In considering the cause of Perrine Sawmill Co. v. Powell, 211 Ala. 620, 101 So. 389, and the purchase of the property by the respondent herein, the Ark-Ala Lumber Company, this court said:

"It took the timber by the purchase at that time with notice of the suit, and subject to the future decree of the court. It purchased the property subject to the hazard of this litigation."

The fact, therefore, that respondents were not parties to the original cause is not here a material question. They dealt with the property "subject to the hazard of this litigation." The bill is filed for the enforcement of the decree rendered by the court in favor of complainants in the original cause, and its equity rests upon the inherent power of a court of equity to effectuate its own decrees. For such purpose the successful party is not remitted to a court of law, and the authorities cited by counsel (among them U. S. v. Bitter Root Co., 200 U. S. 471, 26 S. Ct. 318, 50 L. Ed. 550, and Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451), applying the well-recognized principle that a bill is without equity when it discloses the complainants have an adequate remedy at law, are without application.

"The authority of a court of equity to enforce its judgments or decrees when obstacles have arisen since the rendition of same is well recognized, and is usually invoked by a bill for that purpose." Sollie v. Outlaw, 204 Ala. 522, 86 So. 380.

In the more recent case of Bartee v. Matthews, 212 Ala. 667, 103 So. 874, it was said that, when "new parties and new interests are to be brought before the court, the proper remedy is by an original bill in the nature of a supplemental bill." The present suit is of that character, new parties and new interests being brought before the court, and is properly denominated an original bill in the nature of a supplemental bill.

The bill was not subject to the demurrer interposed thereto, and the decree overruling the demurrer will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.