328 So.2d 583

**Marjorie Furr WEST**

v.

**James D. WEST.**

**Civ. 514.**

Court of Civil Appeals of Alabama.

Dec. 10, 1975.

Rehearing Denied Jan. 28, 1976.

McDermott & Deas, Mobile, for appellant.

Inge, McMillan & Inge, Mobile, for appellee.

BRADLEY, Judge.

This is an appeal by plaintiff from an order enforcing a property disposition in favor of defendant contained in a decree of divorce. Plaintiff contends that the trial court was without jurisdiction to entertain defendant's cross-motion requesting the order, because it was not filed within the time limits imposed by Rule 60, Alabama Rules of Civil Procedure. We affirm the trial court.

Plaintiff initiated an action for separate maintenance in the Circuit Court of Mobile County on April 4, 1973. Defendant filed an answer and cross-bill seeking an absolute divorce. Trial was held on August 7, 1973. The evidence consisted of testimony ore tenus and documentary exhibits. On November 1, 1973 the decree of divorce was issued. Paragraph 8 of the decree contained the dispositive provision which is now in question. It read:

"8. That the Court awards each of the parties their respective interest in and to all other real property in their sole names or owned jointly with other parties and further awards each of the respective parties hereto any and all interest that they may have in and to any property inherited from their respective families, or any interest they may have in and to any existing estates of their respective families."

On March 14, 1974 plaintiff filed a motion before the same judge asking that defendant be ordered to pay certain back income taxes and also college expenses of one of the minor children, as various provisions of the divorce decree required. On June 12, 1974 defendant filed an answer and cross-motion seeking enforcement of paragraph 8 as it applied to a parcel of shopping center property at 2330 University Avenue, Tuscaloosa, and requesting the court to order that plaintiff convey to defendant all of her rights, title, and interest in the parcel. Plaintiff answered that paragraph 8 was not applicable to the shopping center property. It is apparent from the face of the decree that no other provision of the decree concerns this piece of property.

On October 4, 1974 the trial court issued an order requiring plaintiff to "carry out the terms of paragraph Eight of the divorce decree dated November 1, 1973, and to convey to the Defendant," all of her interest in the shopping center property. Plaintiff appeals from this order.

The court entered its order after a peculiar evidentiary development. The motion and cross-motion were heard on June 21, 1974. At the hearing, a deed was introduced which showed that the property had been conveyed by C. D. West and Abbie A. West, defendant's parents, to Bruce H. West, defendant's brother, and his wife, and to defendant and plaintiff as husband

and wife. The deed was dated December 30, 1968, a date on which defendant's parents were both living. This deed clearly evidenced the fact that plaintiff and defendant had both acquired a partial interest in the shopping center as a result of an inter vivos conveyance from defendant's father and mother. The validity of the deed is undisputed.

The deed refutes evidence introduced at the trial on the merits of the divorce in August 1973. At that time the thrust of the evidence on the question of ownership of the Tuscaloosa property was to the effect that defendant and his brother, Bruce H. West, owned all of the interest in this tract jointly, and that the interests had been acquired by inheritance. This evidence included testimony by defendant that the property was acquired by inheritance and defendant's financial statement, Exhibit "A", which showed ownership of the property held jointly by his brother and himself. In addition, the record of that trial shows the following testimony by plaintiff on cross-examination:

"Q. And he owns property in Tuscaloosa?

"A. Who?

"Q. Your husband.

"A. Yes.

"Q. This is family property that he inherited?

"A. Mr. Friedlander, I suppose that it is. . . ."

At no point in the divorce trial was the deed of December 30, 1968 specifically alluded to, nor did any evidence refute the inference that Bruce H. West and defendant were joint owners by virtue of inheritance of the property. There is no evidence that either party knew of the deed's existence at the time of the divorce trial.

Two facts stand out from the record of the entire proceedings below. First, the trial court rendered its judgment of divorce under the impression that the shopping center property had been acquired by defendant and his brother by inheritance from defendant's family. Second, that this impression proved incorrect because the property was actually owned jointly by four individuals, including plaintiff and defendant, and had been acquired by inter vivos deed. This unusual state of the facts underlies plaintiff's appeal.

■ Plaintiff's entire argument depends upon characterizing the October 4 order as a modification of the original divorce decree, and contending that the order is void because it was requested within neither the 30-day period of Equity Rule 62, *Kelley v. Kelley*, 53 Ala.App. 608, 303 So.2d 108, nor the four-month period of Alabama Rules of Civil Procedure 60(b)(1), (2) and (3). It is obvious from the record that defendant's cross-motion met none of these time limits. We find, however, that the order of October 4 and the cross-motion requesting it are a means of obtaining enforcement, rather than modification, of the decree rendered by the court in favor of defendant in the original cause, and they rest upon the inherent power of an equity court to effectuate its own decrees, *Ark-Ala Lumber Co. v. Powell*, 213 Ala. 591, 105 So. 588. It would be improper to characterize the cross-motion as a request for relief from judgment under Rule 60, ARCP.

■ Whether or not a particular piece of property is specifically subject to a dispositive provision in a divorce decree must be determined by reading the terms of the decree with a view to the evidence concerning the property presented in the case, *Johnson v. Harrison*, 272 Ala. 210, 130 So. 2d 35. The record of the August 1973 hearing reveals that the evidence introduced there compelled the conclusion that the shopping center was jointly owned by defendant and his brother, and had been inherited from defendant's family. There was not even a scintilla of evidence other-

wise. Thus, we cannot escape holding that paragraph 8, which was drafted on the basis of that evidence, referred to the shopping center property and directed that this property be awarded to defendant. The original divorce decree was a valid, enforceable order of the circuit court. It was plaintiff's duty to comply with this order. The burden also rested on plaintiff rather than defendant, to use the established procedures found in ARCP 60 to set aside portions of the order she deemed unjust. In any such efforts, plaintiff had the responsibility for showing factual errors justifying change and for meeting all time limits. It was not defendant's burden to continuously prove the truth of the facts on which the decree was based.

Plaintiff chose not to avail herself of the established channels of judicial modification. Instead, she merely refused to make the necessary conveyances to defendant, relying on her own assertion that, as she interpreted the decree, paragraph 8 did not require her to give up the piece of property.

Plaintiff's intransigence clearly became an obstacle to the effectuation of the trial court's November 1, 1973 decree. The supplemental order of the court specifying the conveyance required of plaintiff was an appropriate enforcement device, *Sollie v. Outlaw,* 204 Ala. 522, 86 So. 380. The supplemental order was consistent with the original decree, as it must be, *Lang v. Brown,* 21 Ala. 179. The power of the court to render an enforcement order in these circumstances is well recognized, *Griffin v. Spence,* 69 Ala. 393.

There being no error below, the order of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.

## ON REHEARING

On December 29, 1975 appellant filed with this court a petition for rehearing. The ground relied on in the petition is that, according to appellant, the short passage of testimony quoted in our main opinion was (1) taken out of context and (2) did not concern the parcel of property in dispute. Appellant requests that this court set out in its opinion on rehearing an amplified rendition of the quote from the trial record.

To meet appellant's request, the following quotation from the record is made:

"Q. And all the real estate he had in Mobile was in your joint names?

"A. As far as I know.

"Q. And all of this went into the joint finances?

"A. That's right.

"Q. And Mr. West's parents died fairly recently?

"A. Mr. West died two years ago and Mrs. West died eight years ago.

"Q. And Mr. West inherited various items from them?

"A. Yes, I guess he did.

"Q. As far as you know, any real estate he may have inherited was in his name only?

"A. I don't know.

"Q. As far you know, none of it is in your name?

"A. I really don't know.

"Q. But there were other assets that came into the family from them, personal property, cash, and so forth, was there not?

"A. I don't know.

"Q. Now, do you know how much your husband made last year in terms of dollars and cents?

"A. No sir, I surely do not.

"Q. Did you sign income tax returns?

"A. Yes.

"Q. And you didn't look at it at the time you signed it?

"A. I wouldn't know what it said if I looked at it. I have never filled one out. All I do is sign where it tells you to.

(R 50)

.    .    .    .    .    .

"Q. You and he didn't discuss the possibility of moving to Tuscaloosa?

"A. No.

"Q. Is it not a fact that you told him in no uncertain terms that I'm through and that you would not move to Tuscaloosa?

"A. That is not true.

"Q. Now, his parents were from Tuscaloosa, weren't they?

"A. That's correct.

"Q. He has a brother in business there?

"A. Yes.

"Q. And he owns property in Tuscaloosa?

"A. Who?

"Q. Your husband.

"A. Yes.

"Q. This is family property that he inherited?

"A. Mr. Friedlander, I suppose that it is. I don't know anything about what he owns. The only thing I know about is I signed something with Mr. West on some property in Tuscaloosa for a shopping center. I had to sign my name on something about a shopping center in Tuscaloosa."

(R 51, 52)

The expanded quotation is somewhat lengthier than what was requested by appellant. The additional inclusions are made to obviate any further possible misunderstanding as to the scope of the testimony relating to the property in question. Furthermore, to allay any question as to the scope of this court's review on original submission, we wish to say that we read and considered the entire record before our main opinion was rendered; and, the inclusion of the lengthened quotation is not to be construed as a reconsideration of any aspect of that opinion: rather it is to be taken as a sincere effort on the part of this court to accurately and adequately set out the facts on which this court based its decision.

Appellant's second contention is that the passage does not refer to the disputed parcel. We cannot agree. We are convinced that the quoted passage of testimony referred to the disputed tract and suggest that appellant was so convinced on original submission, for his brief filed here on July 31, 1975 at page eight unequivocally states that the passage refers "to the Tuscaloosa property in question (shopping center)."

Opinion extended; application for rehearing overruled.

WRIGHT, P. J., and HOLMES, J., concur.